## CLARKE BROTHERS *v.* STOWE.

1. Suit was brought for the recovery of personalty which was alleged to be of the value of $577.30, and the amount of hire claimed was $100, with no other allegation of damages. The undisputed evidence showed that the value of the property at the time of the conversion was $577.30. The pleadings of the plaintiff showed that at the time when the suit was brought the property was of the same value. Bail process was sued out in connection with filing the suit; and on failure of the defendant to give bond, the plaintiff did so, and received possession of the property. It did not appear that the plaintiff elected to take a money verdict alone. *Held,* that a verdict "for plaintiff for 125 with 7% interest," if construed as a verdict in favor of the plaintiff for the property and also for $125 and interest, was not supported by the evidence; and in any event such verdict did not accord with the evidence, and, in view of the pleadings and evidence, was vague and uncertain.

2. Under the pleadings and evidence, the judge did not err in refusing to charge, on request, that "the plaintiff must clearly prove his title to the property in dispute; and if he can not do this, whether such inability arise from mingling of the goods or any other cause, the verdict must be for the defendant."

3. A timber lease which authorized the cutting and manufacture of lumber and shingles for one year, but which contained no other description of the timber or land included in the lease, except "all that tract or parcel of land known as lot 162½ acres of lot 169 in the 6th district of Montgomery county, Ga.," was too vague and indefinite in point of description to be admissible in evidence as a muniment of title.

4. Where a motion for a new trial was made, and thereupon an order was taken setting it for a hearing and allowing the movants 60 days within which to file a brief of the evidence, "which may be approved at the hearing," and granting leave to amend the motion and brief of evidence up to the time of the hearing, which might be had in term

or vacation; and where the movants within 60 days made a bona fide effort to comply with such order and filed a brief of the evidence, though it was not complete and perfect, on the hearing of the motion there was no error in allowing such brief to be amended and perfected; and if in the opinion of the presiding judge this could better be done by substituting for the brief which had been filed another which covered the same ground, with additions and alterations necessary to make it a complete brief, he could permit this to be done, without specifically referring in his order of approval to the brief which had first been filed, or requiring it to be incorporated or referred to in the substituted brief.

Argued January 16,—Decided May 13, 1909.

Trover.   Before Judge Seabrook.   McIntosh superior court. August 12, 1908.

*W. L. Clay,* for plaintiffs in error.   *H. F. Dunwody,* contra.

ATKINSON, J.   On the 6th day of November, 1906, J. A. Stowe brought an action of trover against Clarke Brothers, to recover certain described pieces of sawn pine timber or lumber. The petition alleged that "The present value of said personalty is five hundred and seventy-seven dollars and thirty cents ($577.30)." On the 5th of November he had made an affidavit to obtain bail process.   He stated that "The value of said property [is] five hundred and seventy-seven dollars and thirty cents ($577.30), and the amount of hire claimed is one hundred dollars ($100)." The defendants did not make bond, but delivered the property to the officer.   On November 9, the plaintiff executed a bond in terms of the statute, and received possession of the property. On the trial a verdict was rendered in the following words: "We, the jury, find for the plaintiff one hundred and twenty-five with seven per cent. interest, May 28, 1907." A motion was made for a new trial, which was overruled, and the defendants excepted.

1.   The verdict which was found by the jury can not be sustained.   Counsel for the plaintiff contended, that the evidence showed that at the time of the conversion in June the property was worth $577.30; that testimony was admitted without objection, that, between the date of conversion and the time when the plaintiff obtained possession under the bail proceeding, there had been a depreciation in value to the extent of $125, and therefore that the verdict, in the light of the evidence, construed as finding for the plaintiff the property, and in addition the sum of $125 as damages on account of the depreciation, could be sustained. The

plaintiff testified: "When they received it on the boom, it was worth $577. When I gave bond and got it back, it was worth $125 less. The market was down. It fell between the time they got it in August, and I did not get it till November." There was no evidence of a depreciation to the extent named between the beginning of the suit and the giving of the bond and obtaining possession by the plaintiff. The affidavit which he made in order to obtain bail was dated November 5th, and stated the value of the property to be $577.30; and the petition which he filed (apparently on November 6th, as the process bears that date) stated that the "present value of said personalty is" $577.30. He is bound by the admission in his pleadings, and can not recover on the basis of a depreciation in value prior to and existing at the time of the commencement of the suit, in the face of his allegation showing that there was none. After the making of the affidavit to obtain bail the defendants did not give bond, and the plaintiff did so, and took possession of the property. See *Moomaugh* v. *Everett*, 88 *Ga.* 67 (13 S. E. 837). In the briefs of counsel for both parties the verdict was discussed as being a verdict in favor of the plaintiff for the property and also for $125 and interest. So considered, we have shown that it could not be sustained. This is probably what the jury intended to find, as the undisputed evidence was that the value of the property was $577.30, and the evidence refers to the $125, not as being the entire value of the lumber, but only as the amount of depreciation in value; and also in view of the fact that the plaintiff had obtained possession of the property itself by giving bond. In view of these facts it is hardly probable that the jury intended to find 125 [dollars (?)] and interest as the entire value of the property which the plaintiff could recover. At any rate, the verdict is not adjusted to the evidence, and, in view of the pleadings and evidence, is vague and uncertain. It does not appear that the plaintiff elected to take a money verdict alone. What is here said in no way conflicts with the ruling in *Central of Ga. Ry. Co.* v. *Mote*, 131 *Ga.* 166 (62 S. E. 164), where, in a suit for personal injuries, the damages were laid at $20,000, the evidence was sufficient to authorize a verdict for $10,000, and the jury found for the plaintiff "the sum of ten thousand (10,000.00) and costs of suit," which was sustained as being a verdict for $10,000.

2. One ground of the motion for a new trial complained that the court refused a request to charge the following: "The plaintiff must clearly prove his title to the particular property in dispute; and if he can not do this, whether such inability arise from a mingling of the goods or any other cause, the verdict should be for the defendant." The plaintiff carries the burden of making out his case by a preponderance of evidence; but it is stating the proposition rather strongly to inform the jury that he must "clearly prove his title." It was also not applicable to the facts of this case to instruct the jury in regard to the effect of mingling goods, as stated in the request. Under the evidence there was no error in refusing to give this request in charge.

3. The defendants offered in evidence certain instruments for the purpose of proving title to the lumber in themselves. The first of these was executed by J. E. McAlum as party of the first part, and Pitman, Claxton & Co. as party of the second part. It stated that the party of the first part, in consideration of certain rents to be paid and covenants to be performed by the other party, had "demised, leased, and to farm-let, and by these presents does demise, lease, and to farm-let, unto the said parties of the second part, to their heirs and assigns, all that tract or parcel of land known as lot 162½ acres of lot number 169 in the 6th district of Montgomery county, Ga.," with right of ingress and egress, to be used, worked, and operated for the purpose of manufacturing lumber and shingles for one year. The other papers were offered to show a chain of transfers carrying the rights covered by this lease down to the defendant. These instruments were excluded from evidence. The grounds of objection are not stated. One which might have been very properly made and sustained is that the description was too vague and indefinite to identify any particular property. Merely to mention 162½ acres of lot number 169 does not indicate any particular part of that lot, or give any indicia by which the tract to which reference was intended to be made could be located. It does not appear whether McAlum only owned 162½ acres of the land lot, or that the tract sought to be conveyed was known by any particular name, or that there was any other circumstance or fact by which it could be located. *Luttrell* v. *Whitehead,* 121 *Ga.* 699 (49 S. E. 691); *Tippins* v. *Phillips,* 123 *Ga.* 415 (51 S. E. 410). There may have been other

good reasons for the rejection of this instrument, but this one appears to be sufficient. If this conveyance was inadmissible, the other writings, which were offered as transfers under it, were inadmissible for the same reason. Some of them were also objectionable for other reasons.

4. On the hearing of the motion for a new trial the respondent made a motion to dismiss it on several grounds. They all involve the proposition that when the motion for a new trial was made it was ordered that the defendants should have 60 days within which to file a brief of evidence, "which may be approved at the hearing," and that they should have leave to amend their motion and brief of evidence up to the time of said hearing, "which may be had in term or vacation;" that within the 60 days thus allowed the movant had filed what purported to be a brief of evidence, but it was not approved by the presiding judge, and the respondent contended that it was not in fact a brief of evidence in compliance with the order, but was a mere skeleton brief. At the hearing a complete brief was tendered, and approved by the judge and ordered to be filed as a part of the record; and he thereupon overruled the motion to dismiss the motion for a new trial. Complaint is made of this ruling by a cross-bill of exceptions. The first brief of evidence was filed within the time limited by the order, the terms of which did not require that it should be presented for approval or be approved within that time; on the contrary, an opportunity was allowed to amend the brief of evidence up to the time of the hearing. The presiding judge evidently thought that there had been a bona fide effort to comply with his order, and that the paper filed was not a mere skeleton or mockery of a brief, but was sufficient to be perfected by amendment. We can not say that he erred in this. It was contended, however, that the brief originally filed was not perfected by additions and alterations, and then approved, but that a new and complete brief was substituted in lieu of it. If there was not a mere trifling with the order of the court, but such a brief was filed as authorized amendment and perfection, we perceive no reason why this result could not be reached by substituting a complete brief for an imperfect one, instead of erasing, altering, interlining, and adding to that which was originally filed. If in the opinion of the presiding judge a clearer and more consistent result could be reached than

by using the original brief as a basis or as a part of a new brief, together with such additions or alterations as were necessary, no sound objection is presented against such a course. The point is covered by the decision in *Co-operative Mfg. Co.* v. *Andrews,* 105 *Ga.* 506 (31 S. E. 40).

*Judgment reversed on main bill, and affirmed on cross-bill of exceptions. All the Justices concur.*