## 22815. NEWTON et al. v. ALLEN.

SUBMITTED JANUARY 12, 1965—DECIDED MARCH 3, 1965.

*Thomas M. Odom, Michael Anthony Glean,* for plaintiffs in error.

*J. P. Cheney, Sharpe, Sharpe & Hartley,* contra.

GRICE, Justice. The validity of an instrument purporting to lease timber for turpentine purposes is controlling upon this review. Miriam Newton Allen filed a petition against Jack C. Newton, Jr., and W. L. Sparks in the Superior Court of Jenkins County charging the invalidity of the timber lease which they rely upon for the right to work the turpentine on her land. The instrument is as follows: "I, Mrs. Miriam N. Allen, do lease all of my workable timber for turpentine on all lands owned or controlled by me to Jack C. Newton, Jr., for a period of five years for a percentage of 30% of each and every dipping. Plus payment for cups all ready up. To include government payment of timber already cut. Signed this 6th day of January, 1964. Witness by Georgia M. Newton this 6th day of January 1964. /s/ Miriam N. Allen (L.S.) /s/ Jack C. Newton, Jr."

The petition as amended made, insofar as material here, the allegations which follow. The plaintiff, owner of certain described lands, entered into the above quoted agreement with the defendant Newton for the working of turpentine on her lands. Both defendants are using her timber thereon for turpentine purposes although she has advised them that she does not rec-

ognize the agreement as legal and binding and has demanded that they desist from further trespasses. She has offered to make restitution and to reimburse them for any expenses they have incurred in working the turpentine, but they have not responded to her offer and are continuing the trespasses and damage to her timber. The prayers included temporary and permanent injunction from going upon and using her land, accounting for gum taken and monetary damages.

To the foregoing petition, the defendants urged their general demurrer asserting that the petition did not set out a cause of action since it showed upon its face that the instrument is valid. The assignment of error here is to the overruling of such demurrer.

The plaintiff's right to the relief she seeks depends upon the validity of the purported lease agreement. As we view it, the sufficiency of the description of the land on which the timber stands is determinative of that issue.

The instrument provides that "I . . . do lease all of my workable timber for turpentine on all lands owned or controlled by me . . . for a period of five years for a percentage of 30% of each and every dipping. . ."

This writing purports to lease, for a period of five years, all of the plaintiff's timber suitable for turpentine purposes. The parties evidence no intent to pass a lesser interest so it will be presumed that they intended to convey an estate for years. *Warehouses, Inc. v. Wetherbee*, 203 Ga. 483 (3) (46 SE2d 894) (by five Justices). The fact that the use is limited to turpentine purposes does not reduce the interest transferred to a mere usufruct where there is no indication that the parties so intended. *Warehouses, Inc. v. Wetherbee*, supra.

This instrument, then, purported to convey an estate for years in standing timber, which is realty. *Coody v. Gress Lumber Co.* 82 Ga. 793 (1) (10 SE 218). *Code* § 85-801 provides that if an estate for years ". . . is in lands, it passes as realty."

Our Code, § 20-401 (4), requires, in order to bind the promisor, that "Any contract for the sale of lands, or any interest in, or concerning them" must be in writing. Lease contracts which convey an estate for years fall within this section. See

*Baxley Hardware Co. v. Morris,* 165 Ga. 359 (1) (140 SE 869). Such leases of standing timber must describe the land upon which the timber stands with sufficient certainty for identification or give a key by which it may be identified. *Clarke Brothers v. Stowe,* 132 Ga. 621 (3) (64 SE 786). See also *Blumberg v. Nathan,* 190 Ga. 64 (8 SE2d 374).

Thus, the question is whether the description "all lands owned or controlled by me" meets these requirements.

We hold that it does not. It fails to describe any particular land or to furnish any key to make certain the identification of lands owned by plaintiff. Nor does it identify in any manner the lands "controlled" by her.

We are mindful that this court has held a devise of "all of my lands" to be a sufficient description to operate as color of title by will. *Harriss v. Howard,* 126 Ga. 325 (55 SE 59) (one Justice absent). However, the opinion (at page 330) was at pains to state that "We recognize, of course, the difference between a will and a deed, and the great liberality allowed in making wills and passing title by them."

In *Sarmon v. Liles,* 150 Ga. 338 (103 SE 797) a timber lease description quite similar to the one here was adjudged by this court (one Justice dissenting) to be insufficient. The record in that case disclosed the wording there to have been "the standing cypress timber on the lands of the party of the first part."

In *Blue Ridge Apartment Co. v. Telfair Stockton & Co.,* 205 Ga. 552, 560 (54 SE2d 608), (one Justice dissenting), this court held that the descriptive language *"all* the assets, tangible and intangible, *property, real,* personal and mixed, business and good will of the company . . ." was not sufficient to pass title to land. (Emphasis ours.) In that opinion a thorough history was provided as to descriptions in conveyances in the light of the blanket "all."

We regard the above cited decisions as controlling upon the description issue here and therefore hold that the language in the instant document was insufficient to convey any interest to the defendant Newton.

There is no merit in the defendants' contention that the instrument here purported to lease or sell only the turpentine

itself and thus constituted a contract for the sale of personalty under the Uniform Commercial Code (Ga. L. 1962, pp. 156, et seq.; *Code Ann. Title* 109A). This writing purported to lease the *trees* themselves, not merely the product thereof, and therefore was a lease of realty. This court held in *Adcock v. Berry*, 194 Ga. 243 (2a, b) (21 SE2d 605) that *Code* § 85-1901, declaring that all crops, matured and unmatured are personalty, and *Code* § 85-1902, providing that the word "crops" includes crude gum from a living tree, apply only to the fruits and products of plants, trees and shrubs and do not refer to the plants, trees and shrubs themselves. The Uniform Commercial Code does not purport to change the law relating to instruments which transfer an interest in land.

The petition shows that the purported lease agreement under which the defendants claim the right to take turpentine from plaintiff's timber, is void for lack of adequate description of the land. Therefore, the plaintiff is entitled to the relief she seeks. The judgment overruling the general demurrer to the petition is

*Affirmed. All the Justices concur.*