A89A1500. JOHNSON v. ASHKOUTI et al.
(389 SE2d 27)

CARLEY, Chief Judge.

Pursuant to a written agreement, appellant-defendant leased commercial premises from appellee-plaintiffs for a three-year period. When appellant failed to make timely rental payments, appellees filed this action to recover the unpaid rent. Appellant answered and raised, among his other defenses, the affirmative defense of accord and satisfaction. In addition, appellant counterclaimed for costs and attorney's fees, alleging that appellees' suit was frivolous. After discovery, appellees and appellant filed cross-motions for summary judgment. The trial court denied appellant's motion and granted summary judgment in favor of appellees. It is from that order that appellant brings this appeal.

1. Appellant urges that a genuine issue of material fact remains with regard to his accord and satisfaction defense. Under appellees' evidence, there was no written or oral agreement whereby appellant was ever released from his contractual obligation to pay monthly rent. In opposition, there was no evidence of the existence of a written release agreement. According to appellant, however, he had reached an oral agreement with one of the appellees whereby "he could move out of the premises and . . . there would be no other obligation with respect to the lease and . . . the lease would be terminated."

Construing the evidence most favorably for appellant, a genuine issue of fact may remain as to the existence of an oral agreement whereby the lease was to be terminated by his act of simply vacating the premises. However, that genuine issue is in no way material to appellant's accord and satisfaction defense. The purported oral agreement would have no enforceability under the Statute of Frauds. See *Wall v. Fed. Land Bank of Columbia*, 156 Ga. App. 368, 372 (4) (274 SE2d 753) (1980). "Where the contract is required under the [S]tatute of [F]rauds to be in writing a modification of it must also be in writing. [Cits.]" *Houston v. Jefferson Standard Life Ins. Co.*, 119 Ga. App. 729, 733 (d) (168 SE2d 843) (1969). Accordingly, any factual dispute as to the existence of an otherwise unenforceable oral release of appellant from his contractual obligations under the written lease agreement is not material to his accord and satisfaction defense.

*Scott v. Lumpkin*, 153 Ga. App. 17, 20 (2) (264 SE2d 514) (1980) is not authority to the contrary. Unlike the plaintiff in *Scott*, appellant has made no showing of such performance of the alleged oral contract as would suffice to bring the instant case within any excep-

tion to the Statute of Frauds that is established by OCGA § 13-5-30. The only "performance" shown by appellant is his own act of vacating the premises in purported reliance upon the alleged oral release. If evidence of such performance on the part of a tenant were sufficient to invoke the applicability of OCGA § 13-5-30, then the Statute of Frauds itself would become the exception and any tenant who vacated leased premises prior to expiration of the term established by his written lease could defend against a claim for unpaid rent merely by alleging the existence of an oral release from his written obligation. Standing alone, the tenant's mere act of vacating the premises prior to the expiration of the term established by his written lease is no more consistent with his performance of an alleged oral release than with his unilateral abandonment of the premises. Such a unilateral surrender of possession of the leased premises confers no benefit upon the lessor and results in no consequent loss to the tenant so that the applicability of OCGA § 13-5-30 would thereby be demonstrated. See generally *Godwin v. City of Bainbridge*, 172 Ga. App. 290, 291 (1) (322 SE2d 733) (1984). Compare *Cheek v. McWhorter*, 29 Ga. App. 109 (113 SE 812) (1922) (surrender of premises by vendee under bond for title sufficient performance of alleged oral rescission of the sale). The Statute of Frauds is intended to provide the lessor with a defense to the vacating tenant's reliance upon the alleged existence of an oral release from his written contractual obligations. OCGA § 13-5-30 is not intended to provide the vacating tenant with a defense to the lessor's reliance upon the Statute of Frauds.

2. Prior to initiation of this civil action, appellees had filed a dispossessory proceeding against appellant based upon his nonpayment of rent. Had this dispossessory proceeding culminated in appellant's eviction, the lease would have been terminated and appellees would have no right to pursue a claim for post-eviction rental payments. See *Bentley-Kessinger, Inc. v. Jones*, 186 Ga. App. 466 (367 SE2d 317) (1988). However, the evidence is undisputed that the dispossessory action did not culminate in appellant's eviction. Appellant vacated the premises before he was evicted and appellees thereafter abandoned their moot dispossessory action. Under these circumstances, the lease was not terminated and appellant's contractual obligation to make monthly rental payments continued. See *Kimber v. Towne Hills Dev. Co.*, 156 Ga. App. 401 (1) (274 SE2d 620) (1980).

3. The trial court correctly granted summary judgment in favor of appellees and correctly denied summary judgment in favor of appellant.

4. Appellees' motion for damages pursuant to OCGA § 5-6-6 is denied.

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 5, 1989.

*Charles J. Vrono*, for appellant.
*Aiken & Ward, Lewis E. Hassett, Annette K. McBrayer*, for appellees.