A91A1727. AVERY v. WHITWORTH.
(414 SE2d 725)

POPE, Judge.
Defendant George S. Avery appeals the trial court's grant of summary judgment to plaintiff Jim Whitworth on plaintiff's action to collect the $20,000 unpaid balance on a promissory note. The evidence shows defendant signed a promissory note in the form of a letter addressed to plaintiff stating: "This is your note for $45,000.00, secured individually and by our Company for your security, due February 7, 1984." The letter was signed: "Your friend, George S. Avery." It was typed on stationery with the name of defendant's employer, V & L

Manufacturing Co., Inc., printed at the bottom and the words "George Avery, President" printed at the top. Defendant argues plaintiff was not entitled to summary judgment because the letter shows on its face that defendant, in his individual capacity, was a mere surety of the note and that the principal debtor was the corporation. Defendant argues that as a surety he is entitled to discharge pursuant to OCGA § 10-7-22 because certain acts taken by plaintiff allegedly increased his risk.

We affirm the trial court's grant of summary judgment to plaintiff. Even though the stationery on which the note was typed showed defendant served as president of the corporation, the note itself was signed in an individual and not a representative capacity. Thus, contrary to defendant's argument, this case is squarely governed by the holding in *Southern Oxygen Supply Co. v. de Golian*, 230 Ga. 405 (197 SE2d 374) (1973). In *Southern Oxygen*, the Supreme Court held the promissory note in question did not show the signer executed the note in his representative capacity as president of a corporation even though the address and (approximate) name of the corporation were printed on the document. It is the form of the signature on the note, and not other printed information appearing on the page, that governs the capacity in which the signer executes the note. " 'A court may take judicial notice that the signature of an individual on the face of a note, at the bottom on the right, without limiting or descriptive words before or after it, is the universal method of signing a contract to assume a personal obligation. . . .' " Id. at 407, quoting *Bostwick Banking Co. v. Arnold*, 227 Ga. 18, 22 (178 SE2d 890) (1970). See also *Yeomans v. Coleman &c. Drug Co.*, 167 Ga. App. 646 (307 SE2d 121) (1983).

The note in this case named the company which defendant represented but did not show he signed the note in a representative capacity and, thus, the trial court did not err in finding the defendant personally liable for the note. See *Blayton v. Ford Motor Credit Co.*, 118 Ga. App. 517 (164 SE2d 262) (1968). Pursuant to OCGA § 11-3-403 (2) (b), when an instrument names the person represented (in this case, a corporate entity) but does not show that the representative signed in a representative capacity, the signer is personally obligated except as otherwise established by parole evidence between the immediate parties. Even though defendant consistently denied he was individually obligated on the note, he presented no evidence establishing such an agreement between the parties. In fact, plaintiff's undisputed testimony establishes that the loan was made to defendant, personally, because of the friendship between the parties. Thus, under the facts of this case, plaintiff was entitled to judgment pursuant to OCGA § 11-3-403 (2) (b).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 15, 1992.

*Hine, Carroll & Niedrach, John E. Niedrach, John F. McClellan, Jr.*, for appellant.

*Kinney, Kemp, Pickell, Sponcler & Joiner, Henry C. Tharpe, Jr.*, for appellee.