## A96A1911. WHITE v. ORTON INDUSTRIES, INC.
### (480 SE2d 620)

ANDREWS, Chief Judge.

Duane White sued Orton Industries, Inc. (Orton), formerly known as Orton Fluidpower, Inc., to enforce an alleged oral agreement between the parties modifying the parties' written agreement for the lease of commercial property. Orton denied there was any such oral agreement and moved for summary judgment on the basis that the alleged oral agreement violated the statute of frauds requirement in OCGA § 13-5-30 that any such agreement be in writing. White responded that part performance of the oral agreement pursuant to OCGA § 13-5-31 (3) removed it from the writing requirement of the statute of frauds. The trial court granted Orton's motion for summary judgment concluding that the alleged oral agreement violated the statute of frauds and that there was no part performance sufficient to remove it from the operation of the statute of frauds. On appeal, White claims the trial court erred in granting summary judgment because a factual issue exists as to whether there was part performance of the oral agreement.

We agree with the trial court that the statute of frauds bars enforcement of the alleged oral agreement, and that, as a matter of law, the evidence did not show part performance of the alleged oral agreement sufficient to create an exception to the writing requirement of the statute of frauds. Accordingly, we affirm the grant of summary judgment in favor of Orton.

Duane White leased commercial property from Orton under a written lease with a three-year term and an option for renewal for an additional three-year term. Under the terms of the lease, White paid no rent during the first year in exchange for improvements specified in the lease that he agreed to make to the property. White alleges in his brief that, during the second year of the lease, he made additional improvements to the property not specified in the lease as an accommodation to Orton for which he received no compensation. The lease did not provide for White to make any additional improvements, and

we find nothing under oath in the record to support this allegation. After White renewed the written lease for a second three-year term, he vacated the property prior to the expiration of the second three-year term and ceased paying rent. White claims he vacated the premises pursuant to an oral agreement with Orton providing for early termination of the written lease and for Orton to reimburse him $40,000 for all the improvements he made to the leased property. He brought the present action against Orton seeking to collect $40,000 pursuant to the oral agreement.

It is undisputed that the statute of frauds at OCGA § 13-5-30 required that the agreement leasing the property be in writing. Although subsection 13-5-30 (4), which applies to leases passing estates for years, does not apply because the written lease clearly set forth the parties' intention to pass only a usufruct, subsection 13-5-30 (5) does apply because the lease was for a term in excess of one year. *Macon-Bibb County Bd. of Tax Assessors v. Atlantic Southeast Airlines*, 262 Ga. 119 (414 SE2d 635) (1992); *Smith v. Top Dollar Stores*, 129 Ga. App. 60, 61-62 (198 SE2d 690) (1973); *Newton v. Allen*, 220 Ga. 681, 682 (141 SE2d 417) (1965).

Where the statute of frauds requires a contract to be in writing, an alleged oral modification of it is ineffective unless the oral agreement falls within an exception to the operation of the statute of frauds. *Johnson v. Ashkouti*, 193 Ga. App. 810 (389 SE2d 27) (1989). OCGA § 13-5-31 (3) provides such an exception where there has been part performance of the alleged oral agreement sufficient to remove it from the operation of the statute of frauds. Id.; *Hendricks v. Enterprise Financial Corp.*, 199 Ga. App. 577, 579-580 (405 SE2d 566) (1991); *Cooper v. G. E. Constr. Co.*, 116 Ga. App. 690, 694 (158 SE2d 305) (1967).

White claims that his own act of vacating the property and ceasing the payment of rent, along with Orton's occupation of the property and its failure to demand that he pay the remaining rent due under the written lease, is evidence of part performance of the alleged oral agreement sufficient to create a question of fact. We disagree. In *Johnson*, supra, a tenant who vacated the leased premises prior to the expiration of a written lease responded to the landlord's suit for the remaining rent by claiming that his own act of vacating the premises was sufficient to avoid the operation of the statute of frauds because it showed part performance of his oral agreement with the landlord for early termination of the written lease. We rejected this claim holding that "the tenant's mere act of vacating the premises prior to the expiration of the term established by his written lease is no more consistent with his performance of an alleged oral release than with his unilateral abandonment of the premises." Id. at 811 (1). It follows that White's act of vacating the premises and

ceasing payment of rent does not tend to prove the existence of the alleged oral agreement. Similarly, even if, as White alleges, Orton occupied the premises after he vacated it, and Orton has not demanded payment of rent due under the written lease, these additional facts are not sufficient to show part performance of an alleged oral agreement to pay White $40,000 for improvements to the property. When part performance of an oral agreement is relied upon to establish an exception to the statute of frauds, " 'the part performance must be performance of an essential element of the contract sought to be proved, and of a character which would render it a fraud on the plaintiff if the defendant refused to comply.' [Cit.]" *Smith*, supra at 63. None of the acts relied upon by White as evidence of part performance tend to prove the existence of a contract between the parties to pay White $40,000 for improvements he made to the property. See *Norris v. Downtown LaGrange Dev. Auth.*, 151 Ga. App. 343, 344 (259 SE2d 729) (1979); *Smith*, supra at 63.

The trial court did not err by finding, as a matter of law, that there was no part performance sufficient to remove the alleged oral agreement from the operation of the statute of frauds. *Hendricks*, supra; *Johnson*, supra.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JANUARY 24, 1997.

*Timothy C. Price*, for appellant.
James Alexander, *pro se*.