A96A1698, A96A1699. TALMADGE et al. v. RESPESS et al.; and vice versa.
(482 SE2d 709)

RUFFIN, Judge.

These two appeals concern seven promissory notes executed by Herman Talmadge, Jr., A. L. Gaynes, and Twelve Oaks Realty Company ("Twelve Oaks") (collectively "the defendants"). Under the notes, the defendants promised to repay Edwin Respess various sums of money Respess loaned to them. Respess is now deceased, and the executors of his will ("Respess") sued the defendants for money allegedly due under the notes. The trial court granted Respess summary judgment on the five notes attached to the complaint as Exhibits A, C, D, F, and G ("notes A, C, D, F, and G") and denied Respess' motion for summary judgment on the two remaining notes attached to the complaint as Exhibits B and E ("notes B and E").

In Case No. A96A1698, the defendants assert that the trial court erred in granting Respess summary judgment because genuine issues of material fact exist concerning their liability under notes A, C, D, F, and G. In Case No. A96A1699, Respess asserts that the trial court erred in denying their motion for summary judgment on Talmadge's and Gaynes' liability under notes B and E and in denying

Respess' claims for interest and attorney fees under all the notes. For reasons which follow, we affirm the trial court's judgment in Case No. A96A1698 and reverse the trial court's judgment in Case No. A96A1699.

"[S]ummary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case." *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991).

### Case No. A96A1698

1. Although the defendants do not dispute that they executed notes A, C, D, F, and G, they contend that Respess discharged the debts under a subsequent oral agreement between Respess and A. L. Gaynes. The record shows that the defendants owed Respess a total of $60,000 principal under the notes. According to Gaynes' deposition and affidavit testimony, Respess offered to forgive the debts: "He said, buddy, I got $200,000. I want you to find me a deal and double my money on it. And if we could double the money, [Respess] would forgive the debt." Gaynes stated that he arranged such a deal whereby Respess purchased a 96.66-acre tract for $193,328 and later sold it for $376,640. Gaynes further stated that even after expenses of sale, Respess made a profit of approximately $150,000. The trial court found that even if such an agreement existed, the evidence showed that Respess did not "double his money" and therefore the debt was not forgiven.

The defendants contend that the trial court erred in granting summary judgment to Respess because the evidence showed that Gaynes substantially performed under the contract. It is not necessary to resolve this issue, however, because other evidence in the record precludes consideration of Respess' verbal offer to forgive the debt. That other evidence shows that Respess sold the 96.66-acre tract under a written sales contract. The sales contract lists Gaynes as the selling broker and provides that "Broker has rendered a valuable service for which reason Broker is made a party to enable Broker to enforce his commission rights. . . ." The written sales contract further provides that "[c]ommission to be paid in this transaction shall be 7.9% if [sic] the purchase price. $30,000.00." Finally, the contract contains an entire agreement clause providing: "[t]his contract constitutes the sole and entire agreement between the parties hereto and no modification of this contract shall be binding unless attached hereto and signed by all parties to this agreement. No representation, promise, or inducement not included in this contract shall be binding upon any party hereto." Both Respess and Gaynes executed

the contract.

We find that the entire agreement clause bars the verbal agreement sought to be enforced. See *Great American Builders v. Howard*, 207 Ga. App. 236, 240 (2) (427 SE2d 588) (1993). The prior verbal agreement was nothing more than an offer by Respess to forgive the $60,000 debt as commission for doubling his investment. However, the sales contract is silent regarding any such offer. Accordingly, under the express terms of the sales contract, the prior verbal agreement is not "binding upon any party" to the contract. See id.

Similarly, "[a]part from [the] 'entire agreement' . . . clause is the rule that '(p)arol contemporaneous evidence is *generally* inadmissible to contradict or vary the terms of a valid written instrument.' . . . OCGA § 24-6-1." (Emphasis in original.) Id. "An exception [to this general rule] is a separate and distinct, collateral oral agreement that is consistent with and forms part of the consideration or inducement for a written agreement. [Cit.]" Id. However, the exception cannot apply in this case because the parties expressly agreed to preclude enforcement of any prior inducement not included in the written contract. Id. Accordingly, the written contract bars defendants' enforcement of Respess' prior verbal agreement to "forgive the debt," and the trial court did not err in granting Respess summary judgment on defendants' liability under notes A, C, D, F, and G.

2. Gaynes and Talmadge also assert that even if Respess did not forgive the debt under note G, the trial court erred in holding them liable under that note because they executed it only as representatives of Twelve Oaks Realty. We disagree.

In the lower right corner of note G are the handwritten words "TWELVE OAKS REALTY." Although Talmadge and Gaynes signed the note directly below these handwritten words, neither signature indicates that the individual executed the note in a representative capacity. "It is the form of the signature on the note, and not other printed information appearing on the page, that governs the capacity in which the signer executes the note." *Avery v. Whitworth*, 202 Ga. App. 508, 509 (414 SE2d 725) (1992). Pursuant to former OCGA § 11-3-403 (2) (b) (amended by Ga. L. 1996, p. 1306, § 3), which governs the parties' agreement in this case, "when an instrument names the person represented (in this case, a corporate entity) but does not show that the representative signed in a representative capacity, the signer is personally obligated except as otherwise established by parol evidence between the immediate parties. Even though [Gaynes and Talmadge] consistently denied [they were] individually obligated on the note, [they] presented no evidence establishing such an agreement between the parties." *Avery*, supra at 509. And, if such evidence existed, Gaynes and Talmadge failed to reference it in their appellate brief. See Court of Appeals Rule 27 (c) (3) (i) (this Court will not con-

sider an enumeration that is not supported by a specific reference to the record). Accordingly, the trial court properly granted summary judgment against both Talmadge and Gaynes individually on note G. *Avery*, supra.

## Case No. A96A1699

3. Respess asserts that the trial court erred in denying summary judgment on Talmadge's liability for $12,500 under note B and Gaynes' liability for $12,500 under note E. Talmadge and Gaynes do not dispute that they executed the notes or that they each received $12,500. In interrogatory responses, however, they contended that Respess merged the debts into a larger loan he made to them later that day. Talmadge and Gaynes explained the purported agreement to merge the debts as follows: "Talmadge and Gaynes purchased certain property in Jonesboro, Georgia from Amros, Ltd. (an entity owned by decedent Respess). The original sales price was to be $150,000 with the Seller financing most of the purchase price. Respess loaned Talmadge and Gaynes $12,500 each on that day, and then increased the purchase price by $25,000, from $150,000 to $175,000, to cover these loans, so that the indebtedness evidenced by these two notes were part of the $155,000 mortgage which Respess held, which mortgage was paid in full in 1994. A copy of the sales contract dated April 17, 1990, showing that the price was changed from $150,000 to $175,000, and the closing statement, dated April 4, 1991, are attached hereto."

As stated in the interrogatory response, the attached sales contract shows that the parties changed the purchase price from $150,000 to $175,000. The sales contract and closing statement also show that Gaynes and Talmadge made a $20,000 down payment on the purchase price and gave the seller a $155,000 purchase money note for the balance. Finally, although the record does not contain a copy of the purchase money note, the sales contract stated the terms under which the purchase money note would be satisfied.

As Respess points out, however, there is nothing in writing showing why the purchase price was raised or evidencing an agreement to merge notes B and E into the purchase money note. Moreover, the sales agreement, which evidences the change in the purchase price and the financing terms, contains an entire agreement clause identical to the one discussed in Division 1. The clause provides that "[t]his contract constitutes the sole and entire agreement between the parties hereto and no modification of this contract shall be binding unless attached hereto and signed by all parties to this agreement. No representation, promise, or inducement not included in this contract shall be binding upon any party hereto." For

the reasons stated in Division 1, we conclude that the entire agreement clause bars the verbal agreement concerning the merger which Gaynes and Talmadge seek to enforce. See *Great American Builders*, supra. Accordingly, because Respess established a prima facie right to judgment on notes B and E, and Gaynes and Talmadge failed to present any evidence of a written agreement to merge the notes, the trial court erred in denying Respess' motion for summary judgment. See id.; *Jay Gleason Advertising Svc. v. Gleason*, 193 Ga. App. 445 (1) (388 SE2d 43) (1989).

4. Finally, Respess asserts that the trial court erred in failing to include an award for pre-maturity interest and attorney fees on all the notes. In its order granting summary judgment on notes A, C, D, F, and G, the trial court awarded the principal amount of those notes, "plus applicable pre-judgment interest from the date of the maturity of those notes, and costs of this action." For the following reasons, we conclude that the trial court should have included in the judgment interest from the date of each note and attorney fees.

(a) OCGA § 9-12-10 provides that "[i]n all cases where judgment is obtained, the judgment shall be entered for the principal sum due, with interest, provided the claim upon which it was obtained draws interest." In this case, each of the notes contained provisions for interest in varying amounts. Furthermore, a review of all the notes reveals when interest would begin to accrue on each note. Notes B, E, and F provide that interest will accrue from the date of the note. Similarly, note D provides that interest will begin to accrue after the date of the note. Finally, notes A, C, and G provide that interest accrues "until paid. . . ." Although these latter notes do not specifically provide that interest will begin to accrue on the date of the note, such is the construction of those notes under former OCGA § 11-3-118 (d), which applies to the notes in this case. (OCGA § 11-3-118 was amended by Ga. L. 1996, p. 1306, § 3, and is now codified at § 11-3-112 (a) (ii)). Former OCGA § 11-3-118 (d) provides that "[u]nless otherwise specified a provision for interest means interest . . . from the date of the instrument. . . ." Accordingly, the trial court should have granted interest from the dates of the notes and not from the dates the notes matured. Because we concluded in Division 3 that the trial court should have granted summary judgment on notes B and E, this ruling applies to those notes as well.

(b) Respess' claim for attorney fees is governed by OCGA § 13-1-11. OCGA § 13-1-11 (a) provides that an obligation to pay attorney fees upon any note is enforceable and collectible as part of the debt if the note is collected through an attorney after maturity. The notes in this case were all collected through an attorney after maturity and each contained provisions for attorney fees of ten or fifteen percent, which are enforceable under OCGA § 13-1-11 (a) (1). The defendants

argue, however, that Respess did not properly notify them that the attorney fees provision in the notes would be enforced. Specifically, the defendants contend that OCGA § 13-1-11 (a) (3) required Respess to notify them that they had *exactly* ten days from the receipt of the notices to pay the principal and interest without being obligated to pay any attorney fees. The defendants argue that Respess' notices, which allowed them 20 days to pay the principal and interest without being obligated to pay attorney fees, violated OCGA § 13-1-11 (a) (3). We disagree.

Although the defendants are correct that OCGA § 13-1-11 (a) (3) provides that the notice must state that the debtor has ten days to pay the debt without being obligated to pay attorney fees, such provision has been construed to mean that the debtor must be given *at least* ten days to pay the debt. *Gen. Elec. &c. Corp. v. Brooks*, 242 Ga. 109, 113 (249 SE2d 596) (1978). As stated in *Brooks*, the legislative intent of such provision " 'was to require notice of an intention to sue to be given at least 10 days before suit should be brought, to allow the debtor until return day to pay the debt, and thus to save the creditor the necessity and expense of bringing suit at all.' [Cit.]" Id. Although the current version of the statute requires the notice to state that the debtor has ten days from receipt of the notice to pay the debt, the intent remains the same: "to require the creditor to give the debtor an opportunity to meet his obligation without incurring additional expenses in the nature of attorney fees." Id. at 114. A notice allowing payment more than ten days from receipt of the notice certainly complies with the intended meaning of the statute. Accordingly, the trial court erred in failing to award attorney fees.

*Judgment affirmed in Case No. A96A1698. Judgment reversed in Case No. A96A1699. McMurray, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 21, 1997.

*David O. Harris, Deborah L. Britt*, for appellants.
*Thomas F. Choyce*, for appellees.

