A97A0764. DIGBY'S, INC. v. EMORY UNIVERSITY.
(489 SE2d 81)

ANDREWS, Chief Judge.

Digby's, Inc. d/b/a Ballard Optical Company (Digby's) appeals from the grant of summary judgment to Emory University d/b/a Emory Crawford Long Hospital (Emory) in this lease dispute. Emory sued Digby's for default of Digby's lease of space for an optical store at Crawford Long and acceleration of the balance due on the lease. Digby's defended, contending there was an accord and satisfaction or surrender of the premises by Digby's and acceptance by Emory, thereby terminating the remainder of the lease.

1. "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. [Cit.]" (Emphasis in original.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

There is no dispute that, on May 14, 1993, Digby's executed the office space lease for a period beginning July 1, 1993, until June 30, 1995, requiring monthly rental payments of $2,800. The lease provided that, in the event of default by the lessee, the lessor "shall have the option to do any one (or more, if not inconsistent) of the following, in addition to and not in limitation of any other remedy permitted by

law or by this lease, within six (6) months thereafter (but only during the continuation of such event of default: . . . (b) Declare the entire amount of the rent for the remainder of the Term of this lease to be due and payable immediately, in which event, Lessee agrees to pay the same at once, together with all rents theretofore due."

In July 1994, David Digby approached Roper, the property manager for Emory, and explained that the business was experiencing financial difficulties. By December 1994, Digby's had fallen behind in its rental payments and was in arrears $19,106.87.

Both Roper and Digby agree that discussions ensued in the fall of 1994 regarding Digby's terminating the lease early and moving from the space. As Roper stated "[i]n November 1994, [Emory] agreed to allow Digby's to move from the Premises in December 1994 and further agreed that Digby's would not be liable for the balance due on the Lease on the express condition that Digby's paid the outstanding balance due through December 1994 no later than December 31, 1994. Digby's agreed to this condition as a prerequisite to Digby's moving out of the Premises in December 1994."

Digby states that Roper told him she had another tenant interested in the premises and "that she needed the premises vacant and that she wanted Digby's to vacate the space before the end of its lease. Ms. Roper told me that *Emory would not hold Digby's responsible for any rent that accrued after we vacated the premises*. In reliance on Ms. Roper's representations, I agreed to vacate the premises and did in fact, vacate on December 31, 1994." (Emphasis supplied.) Digby does not agree that payment of the past due rent was a condition precedent to vacating the premises.

Although Digby told Roper on January 20, 1995, that payment of the rental through December would be forthcoming, he later advised her that Digby's did not have the money and did not know when it could be paid. Despite efforts to re-lease the premises vacated, Emory was not able to do so.

2. Digby's contends that there remain issues of fact concerning the defense of accord and satisfaction that preclude summary judgment on the issue of future rent.[1]

This argument is controlled adversely to Digby's by *White v. Orton Indus.*, 224 Ga. App. 342 (480 SE2d 620) (1997) and *Johnson v. Ashkouti*, 193 Ga. App. 810 (389 SE2d 27) (1989). In both of those cases, as here, tenants under written leases claimed that oral agreements with the lessors modified the written leases' requirement that they pay future rentals upon default.

Where the statute of frauds requires a contract to be in writing,

---

[1] Digby's does not dispute its obligation for pre-January 1995 rental.

as is the case with a lease for a term in excess of one year, an alleged oral modification of it is ineffective unless the oral agreement falls within an exception to the operation of the statute of frauds. *White,* supra; *Johnson,* supra. The only performance relied upon by Digby's to qualify under the exception of OCGA § 13-5-31 (3) (partial performance) is the vacating of the premises in reliance on the purported oral modification. "Such a unilateral surrender of possession of the leased premises confers no benefit upon the lessor and results in no consequent loss to the tenant so that the applicability of OCGA § 13-5-30 would thereby be demonstrated. [Cits.]" *Johnson,* supra at 811 (1).

3. Additionally, even accepting Digby's contention that payment of the past due rental was not a prerequisite to early termination of the lease, summary judgment was still appropriate. Since Roper's affidavit is unequivocal in this regard, Digby's statement indicates that, in fact, there was no agreement, only continuing discussions and an agreement to attempt to agree. *Lamb v. Decatur Fed. Sav. &c. Assn.,* 201 Ga. App. 583, 585 (1) (411 SE2d 527) (1991); *Vaswani v. Wohletz,* 196 Ga. App. 676 (396 SE2d 593) (1990).

4. Finally, any such oral modification of the written lease is precluded by the "entire agreement" clause, which states that the lease "contains the entire agreement of the parties, and not [sic] representations, inducements, promises or agreements, oral or otherwise, between the parties not embodied herein shall be of any force or effect. No failure of Lessor to exercise any power given Lessor hereunder or to insist upon strict compliance by Lessee of any obligation hereunder, and no custom or practice of the parties at variance with the terms hereof shall constitute a waiver of such power of default hereunder unless given in writing." *Talmadge v. Respess,* 224 Ga. App. 768, 769 (1) (482 SE2d 709) (1997); *Pennington v. Braxley,* 224 Ga. App. 344, 347 (2) (480 SE2d 357) (1997).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED JULY 9, 1997.

*Schreeder, Wheeler & Flint, John A. Christy, Debbie A. Wilson,* for appellant.

*Macey, Wilensky, Cohen, Wittner & Kessler, Richard C. Litwin, Susan L. Howick,* for appellee.