**In the Matter of William David CLARY p/d/b/a Clary Construction & Rental Company, Inc., Michelle A. Clary a/k/a Brenda M. Clary, Debtors.**

### No. 99–21382.

United States Bankruptcy Court,
S.D. Georgia,
Brunswick Division.

Feb. 1, 2001.

David Johnson, Savannah, Georgia, for Plaintiff.

William Orange, Brunswick, Georgia, for Defendant.

### ORDER ON MOTION TO ALLOW LATE CLAIM OF NORTRAX EQUIPMENT COMPANY—SOUTHEAST, L.L.C.

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

Debtors' case was filed on November 12, 1999. Nortrax Equipment Company—Southeast, L.L.C. ("Nortrax") was not scheduled as a creditor in the Debtors' petition and schedules. The Court set April 4, 2000, as a bar date for filing claims. Nortrax did not file a proof of claim prior to that date. Instead, because it had no notice of any bankruptcy proceeding which might prevent its efforts to collect this debt, Nortrax filed an action in the Superior Court of Wayne County, Georgia. In response, Mr. Clary, answering on behalf of Clary Construction and Rental, Inc., filed an informal answer asserting that he personally was not the obligor on the rental agreements, but that they were the obligation of his corporation,

Clary Construction and Rental Company, Inc. He further advised Nortrax and the Superior Court of Wayne County that he had personally filed a bankruptcy petition in November. *See* Exhibit 4. In response Nortrax filed its Motion to Allow a Late–Filed Claim on August 16, 2000, asserting that it was not notified of Mr. Clary's bankruptcy in time to file a timely claim and as a matter of due process it should be allowed to enter a late claim in this case in the amount of $38,333.53. The Motion states that of that sum $25,392.80 constitutes pre-petition indebtedness.

An objection to the allowance of the claim was interposed on behalf of Robert Mathews, Sr., who holds a timely filed secured claim in the amount of $15,000.00 and an unsecured claim in the amount of $50,255.95. Allowing Nortrax's claim would dilute or reduce the dollar amount that Mr. Mathews would receive on his unsecured claim inasmuch as this is a pro-rata case and the Debtors have not voluntarily offered, and appear unable, to increase payments.

The threshold question presented to the Court is whether the obligation at issue was owed by Clary Construction & Rental Company, Inc., or by the Debtor, William D. Clary. The obligation arises out of two month-to-month equipment rental contracts. One is dated June 3, 1999, and the other is dated June 8, 1999, but otherwise the relevant parts of the contracts are identical. The lessee's name in each is "Clary Construction," not Clary Construction & Rental Company, Inc., and not William D. Clary. The signature on the rental contract is that of Mr. Clary, but does not reveal that he signed in any corporate capacity. Each contract identifies a piece of equipment rented for a period of one month and anticipates that subsequent rental periods would commence on the first day of each month thereafter. It is not contended that either rental contract had a fixed term, but rather it appears that the lessee simply was allowed to retain the equipment and was billed on a monthly basis.

After June 3 and June 8, 1999, but prior to the time any of the lease payment obligations were incurred, Clary Construction & Rental Company, Inc., was administratively dissolved by the Secretary of State for failure to pay annual filing fees and file annual reports with the Secretary of State's Office in the State of Georgia. The Movant therefore contends that the obligation must be construed as a personal obligation of Mr. Clary because at the time the equipment usage occurred and the billings were rendered, the corporation had ceased to exist. The objecting creditor, Robert Mathews, Sr., contends that the obligation to make the payments relates back to the rental contract date which was prior to the date of dissolution of the corporation and therefore it should be construed as a corporate rather than a personal obligation.

Nortrax relies on an affidavit filed in support of its Motion in which an officer of the company, Rich Ginder, asserts that Mr. Clary entered the contracts on behalf of Clary Construction, that at no time did Mr. Clary indicate that he was entering the contracts on behalf of a corporation and that the obligation is that of William D. Clary, d/b/a Clary Construction. *See* Exb. 13. Clary testified, uncontradicted, that he had filled in a credit application with the Movant on behalf of Clary Construction & Rental Company, Inc., utilized the corporate federal tax identification number, had done all business only in his corporate capacity on behalf of the corporation, and that all funds were paid by virtue of corporate checks. The record was left open for the parties to file copies of the credit application to assist the Court in reaching its conclusion.

On December 26, 2000, Mr. Clary filed copies of several documents, all existing prior to the filing of his bankruptcy petition, which indicate that Neff Rental Company, which later became Nortrax Equipment Company, was aware that the rental

agreements it entered into were with Clary Construction and Rental Company, Inc., rather than with William Clary, personally. This Court received a copy of the Credit Application, dated February 17, 1999, from Neff Credit which lists Clary Construction and Rental, Inc., as the applicant, and which designates William D. Clary as the owner or president. *See* Item # 1, Letter Brief from William S. Orange, December 26, 2000. Furthermore, the Federal Tax Number of Clary Construction and Rental Company, Inc., is listed on the credit application, with the Social Security Number of William D. Clary listed in a separate section. *Id.*

In addition to the credit application, this Court also received a Business Application, submitted by Melanie Brisson, a salesperson for Neff Equipment, which lists the applicant name as Clary Construction and Rental Company, with its Federal Identification Number. *See* Item # 2, Letter Brief from William S. Orange, December 26, 2000. Clary Construction and Rental Company is identified as a corporation, with William D. Clary listed as an officer and as the owner. *Id.* A credit application addressed to Honess Financial Services by Clary Construction and Rental Company, dated August 18, 1999, and signed by William D. Clary as President of the corporation, was also tendered. (*See* Item # 3, Letter Brief from William S. Orange, December 26, 2000). Clary also filed a copy of a check made payable on September 10, 1999, to Neff Equipment from Clary Construction and Rental Company (*See* Item # 4, Letter Brief from William S. Orange, December 26, 2000).

■ The general rule as established in Georgia law regarding whether an individual has signed a document in an individual or corporate capacity is set forth in *Avery v. Whitworth,* 202 Ga.App. 508, 509, 414 S.E.2d 725 (Ct.App.Ga.1992) as follows: When an instrument names the person represented but does not show that he signed in a representative capacity, the signer is personally obligated *except as* otherwise established by parol evidence between the immediate parties. In *Avery,* the defendant signed a promissory note in the form of a letter addressed to the plaintiff which read "This is your note for $45,000.00, secured individually and by our Company for your security, due February 7, 1984." The letter was signed "Your friend, George S. Avery." The stationery featured the company's name at the top, with the words "George S. Avery, President," printed at the top. The Court found that the note was signed in an individual and not a representative capacity, citing the case of *Southern Oxygen Supply Co. v. de Golian,* 230 Ga. 405, 197 S.E.2d 374 (Ga.1973), for the proposition that it is the form of the signature on the note, and not other printed information appearing on the page, that governs the capacity in which the signer executes the note. The Court noted that the defendant "consistently denied he was individually obligated on the note" but held that "he presented no evidence establishing such an agreement between the parties." Thus, *Avery* is distinguishable based on the lack of parol evidence which was produced by the debtor in this case.

■ The fact that an individual does not indicate his representative capacity in his signature is not conclusive on the question of his individual liability. *Hawkins v. Turner,* 166 Ga.App. 50, 303 S.E.2d 164 (Ct.App.Ga.1983). Parol evidence is admissible to show that an individual who failed to indicate his representative capacity nevertheless signed a contract as an officer of a corporation and that it was the intent of the parties to bind the corporation. *Id.* at 51, 303 S.E.2d 164. In his testimony in open court, admitted without objection, Mr. Clary stated that the contract was between Clary Construction and Rental Company, Inc. and Nortrax, that he signed the contract on the job site and that he intended his signature to provide for liability between that corporation and Nortrax, and not with him personally. The submitted credit applications, canceled

checks, and other correspondence also indicate that there was a history of dealings between Neff/Nortrax and Clary Construction and Rental Company, Inc., and that Bill Clary was recognized as president of this corporation. This evidence taken as a whole establishes that the obligor on the rental contract was Clary Construction and Rental Company, Inc., not William D. Clary.

Nortrax alternatively argues that the corporate veil should be pierced in this case to hold the Debtor personally liable because he individually incurred new debt on behalf of a corporation that was dissolved. Movant argues that Clary, by continuing to incur new debt on behalf of Clary Construction and Rental Company, Inc. after its administrative dissolution, acted fraudulently and used the corporate form to avoid contractual liability. Nortrax cites O.C.G.A. § 14–2–1421(c), which states:

> A corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under Code Section 14–2–1405.

*See Gas Pump, Inc. v. General Cinema Beverages of North Florida, Inc.*, 263 Ga. 583, 436 S.E.2d 207 (Ga.1993).

In a case more on point factually, the Georgia Court of Appeals ruled that personal liability may not be based on the theory that an officer of an administratively dissolved corporation was acting for a nonexistent principal. *Fulton Paper Company, Inc. v. Reeves*, 212 Ga.App. 314, 316, 441 S.E.2d 881, 884 (Ct.App.Ga.1994). In *Fulton,* a seller of goods brought suit against the president of an administrative-

ly dissolved corporation who had continued to conduct business and incur debt on behalf of the corporation after its administrative dissolution, seeking to hold him personally liable for debts incurred during that period. The Court found that the corporation had the power, although no legally authorized purpose, to engage in transactions occurring in the ordinary course of its business and that the seller could not maintain an action against the president personally based on the *ultra vires* acts of the corporation. In drawing this conclusion, the Court of Appeals looked to the Comment following O.C.G.A. § 14–2–1405 and stated that as neither voluntary or involuntary dissolution have the same "characteristics of common law dissolution, which treated the corporate dissolution as analogous to the death of a natural person." [1]

William Clary, therefore, as president of Clary Construction has the power to renew the lease agreements between Clary Construction and Rental Company, Inc., and Nortrax, even after its administrative dissolution. The rental contract renewals were part of the ordinary course of business for Clary Construction and Rental Company, Inc., as they involved equipment necessary for the day to day running of the business. Furthermore, the Movant has not established fraudulent behavior or intent to use the corporate form to evade contractual liability, beyond the lease renewals which clearly fall within the ambit of *Fulton,* on behalf of Mr. Clary. Accordingly, the Motion by Nortrax to allow a late claim is Denied.

---

1. *Fulton's* holding that personal liability of the president of an administratively dissolved corporation cannot be based on the theory that the president was acting for a nonexistent principal stands regardless of whether the corporation has been reinstated under O.C.G.A. § 14–2–1422(c) which states that "[w]hen the reinstatement is effective, it relates back to and takes effect as of the effective date of the administrative dissolution and the corporation resumes carrying on its business as if the administrative dissolution had never occurred." Therefore, should Mr. Clary choose to apply to the Secretary of State to reinstate Clary Construction and Rental Company, Inc., the lease agreements, along with their renewals, would belong to that corporation. *See Fulton Paper Company, Inc. v. Reeves,* 212 Ga.App. 314, 441 S.E.2d 881 (Ct.App.Ga.1994).