A00A2558. WALDEN et al. v. SMITH.
(546 SE2d 808)

POPE, Presiding Judge.

John and Marilyn Walden sued Conley Smith for breach of contract and fraud, alleging that Smith had misrepresented a material term in a lease/purchase agreement. Asserting several defenses, Smith moved for summary judgment. The trial court determined that the Waldens were estopped from pursuing claims for fraud or

breach of contract due to their own conduct in failing to repudiate the contract after discovering the truth about the purported misrepresentation. Deciding that the Waldens' claims were legally foreclosed, the trial court awarded summary judgment to Smith. We agree that Smith was entitled to judgment as a matter of law.

On December 2, 1994, the Waldens and Smith executed a written lease/purchase agreement for a house and 18 acres in Dade County. The term was for 26 months at $400 per month. The purchase price was $79,995 with the Waldens receiving credit for rent paid during the lease. At the end of the 26-month period, on February 1, 1997, absent default, the Waldens would "have the exclusive right and option to purchase the property. . . ." The contract contained a merger clause as well as a clause precluding any oral modification. The final paragraph of the contract stated: "[t]his document sets out the full and complete agreement of the parties, and any other agreements or amendments hereto not in writing shall be null and void."

Near the expiration of the twenty-six months, a third party expressed interest in purchasing about 1.92 acres on one corner of the property. The Waldens had no objection to that sale, so Smith sold that section to General Oliver Bryant and his wife, Penny M. Bryant. The deed for that sale was recorded on December 26, 1996. When the lease term ended, the Waldens were unable to buy the property because they did not have sufficient funds. It is undisputed that after February 1, 1997, when the contract expired, Smith and the Waldens did not enter into a new written agreement to amend, extend, or alter any terms of the contract.

The Waldens continued to pay $400 per month in rent and to live in the house on the property. In September 1998, about 18 months after the expiration of the lease/purchase contract, John Walden told Smith that he had inherited some money from a recently deceased aunt and wanted to buy the property. Smith agreed to sell the property for $54,415, informing Walden he would give a $10,000 credit for the acreage sold to the Bryants and a $15,580 credit for the rent paid. In actuality, as Walden explained in his deposition, he had a side agreement with the Bryants to borrow $54,000 from them, buy the property, then convey it to them. Four days after purchasing the property from Smith, Marilyn Walden sold it to the Bryants for $73,594 with the Waldens retaining timber rights. John Walden later sold the timber for more than $20,000.

When Walden recorded the warranty deed after the sale, he then discovered that the Bryants had paid $50,000 for the corner portion

and not $10,000 as Smith had allegedly indicated to him.[1] Walden believed that Smith had agreed to "knock off" or reduce the sales price by whatever amount the Bryants paid for the corner. Based on that premise, the Waldens brought suit.

1. The Waldens contend that the trial court erred in granting summary judgment. They urge that the conduct of the parties established a waiver of the written modification requirement in the agreement. Under their theory, by continuing to accept their monthly rental payments, and by later giving them credit toward the purchase price for those payments, Smith evidenced his agreement to an oral extension of the term of the lease/purchase contract.

Contracts for the sale of land or an interest in land must be in writing to comply with the Statute of Frauds. OCGA § 13-5-30 (4). This rule applies equally to options to purchase land. *Neely v. Sheppard*, 185 Ga. 771, 775 (196 SE 452) (1938). "To comply with the statute of frauds, a writing must be complete in itself, leaving nothing to rest in parol." *Pettit v. Gray*, 211 Ga. App. 439 (439 SE2d 673) (1993). When a contract is required by the Statute of Frauds to be in writing, any modification of the contract must also be in writing. *Johnson v. Ashkouti*, 193 Ga. App. 810 (1) (389 SE2d 27) (1989). A contract for the sale of land that is partly in writing and partly in parol is unenforceable by reason of the Statute of Frauds. *Stonecypher v. Ga. Power Co.*, 183 Ga. 498, 502 (2) (189 SE 13) (1936).

Although the Waldens claim that the written terms were changed by verbal agreement, unless an oral modification falls within an exception to the Statute of Frauds, such modification is ineffective. *White v. Orton Indus.*, 224 Ga. App. 342, 343 (480 SE2d 620) (1997). Here, the purported oral modification, an agreement to reduce the purchase price by the amount paid by the Bryants, was never reduced to writing and never became a part of the lease/purchase agreement. Moreover, even if the modified agreement had been enforceable, it expired on February 1, 1997. After it expired, no enforceable contract existed — Smith could not compel the Waldens to purchase his property and the Waldens could not force him to sell it. Yet, under the Waldens' theory, Smith remained obligated to sell the property to them for $79,995 less $50,000 and less the total paid in rent, on whatever date they ultimately decided to buy the property. This outcome contravenes fundamental principles of contract law as well as the Statute of Frauds. OCGA §§ 13-3-1; 13-5-30 (4).

Nor does any exception to the Statute of Frauds change this result. See *Stonecypher*, 183 Ga. at 503. When part performance of

---

[1] Smith testified that he had agreed to loan $197,000 to the Bryants to enable them to purchase the land and construct a convenience store. Smith testified that the loan was for $247,000 with the Bryants making a $50,000 down payment.

an oral agreement is relied upon to establish an exception to the Statute of Frauds, such part performance must be of an essential element of the contract sought to be enforced and of a character which would render it a fraud on the plaintiff if the defendant refused to comply. *White*, 224 Ga. App. at 344. Here, the Waldens merely paid the customary rent. They made no improvements to the property and did nothing to enhance its value. See *Norris v. Downtown LaGrange Dev. Auth.*, 151 Ga. App. 343, 344 (259 SE2d 729) (1979).

There was no evidence to show that Smith and the Waldens entered a written agreement as to the terms for the sale of the remaining realty after the sale of the corner portion. Absent a complete and binding agreement with respect to all essential terms, each party may freely withdraw its bid or proposition. OCGA § 13-3-2. Since a complete and legally sufficient contract did not exist, Smith was entitled to judgment as a matter of law. *Firstline Corp. v. Valdosta-Lowndes County Indus. Auth.*, 236 Ga. App. 432, 434 (1) (511 SE2d 538) (1999).

Nor can the Waldens' fraud claim survive summary judgment, since they rely on a faulty premise to support that claim, i.e., that Smith remained under a legal obligation to sell the property to them. Even with that assumption in place, the Waldens failed to establish a prima facie case of fraud. The tort of fraud requires proof of five elements: false representation, scienter, intent to induce another to act or to refrain from acting, justifiable reliance, and damage. *Smalls v. Blueprint Dev.*, 230 Ga. App. 556, 559 (1) (497 SE2d 54) (1998). But the Waldens can show neither justifiable reliance nor damage.[2] When a buyer could have protected himself by the exercise of due diligence, he cannot show justifiable reliance on his part. *Simmons v. Pilkenton*, 230 Ga. App. 900, 901 (2) (497 SE2d 613) (1998). " 'The law does not afford relief to one who suffers by not using the ordinary means of information, whether the neglect is due to indifference or credulity.' " *Real Estate Intl. v. Buggay*, 220 Ga. App. 449, 452 (2) (469 SE2d 242) (1996). Although due diligence is generally a jury question, an exception occurs when a plaintiff cannot offer evidence that he exercised his duty of due diligence to ascertain the truth and to avoid damage. *Wender & Roberts, Inc. v. Wender*, 238 Ga. App. 355, 360 (4) (518 SE2d 154) (1999).

Here, the actual amount paid by the Bryants was a matter of public record and readily ascertainable upon inquiry. After the Bryants declined to reveal the purchase price, the Waldens could have easily obtained this information by examining public documents

---

[2] Including the amount paid in rent, the Waldens paid $64,800 for property which they sold four days later for $73,594 and for which they also received an additional $20,000 from the sale of timber.

before buying the property. See *Hill v. Century 21 Max Stancil Realty*, 187 Ga. App. 754, 756 (2) (371 SE2d 217) (1988). This they failed to do. See *Fowler v. Overby*, 223 Ga. App. 803, 804 (1) (478 SE2d 919) (1996). Because the Waldens did not meet their burden of presenting evidence to demonstrate justifiable reliance, Smith was entitled to judgment as a matter of law. *Simmons*, 230 Ga. App. at 901 (1); *Hill*, 187 Ga. App. at 756 (2).

2. In light of this holding, other issues raised in this appeal are moot.

*Judgment affirmed. Miller and Mikell, JJ., concur.*

DECIDED MARCH 2, 2001 —
RECONSIDERATION DENIED APRIL 6, 2001.

*Hatcher, Johnson, Meaney & Gothard, Ross L. Hatcher III*, for appellants.

*Farrar & Corbin, Christopher L. Corbin*, for appellee.