A98A0592. McCANNON v. McCANNON et al.
(499 SE2d 684)

BLACKBURN, Judge.

Plaintiff Walter Allen McCannon, Sr. appeals the grant of a directed verdict to his wife, Sara D. McCannon, and his son, Walter Allen McCannon, Jr. (Allen McCannon), defendants in this action, for fraud. Plaintiff alleges that defendants deceived him into transferring certain stock and real property to them. The case went to trial in 1996, ending in a mistrial when the jury deadlocked. The defendants then appealed the trial court's denial of their motion for directed verdict, and this Court affirmed the denial in an unpublished opinion. During the second trial, the defendants again moved for a directed verdict at the close of plaintiff's case, this time on the grounds that there was insufficient evidence of damages. The trial court granted this motion. Plaintiff appeals this ruling as well as several other rulings of the trial court.

1. Plaintiff claimed that he was defrauded into transferring his interest in his two corporations, McCannon Granite Company, Inc. and Crystal Blue Quarries, Inc., and certain real property to his son. The trial court granted a directed verdict in favor of defendants on the grounds that there was insufficient evidence as to the value of the transferred property. "A directed verdict is proper only if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. OCGA § 9-11-50 (a). In determining whether any conflict in the evidence exists, the court must construe the evidence most favorably to the party opposing the motion for directed verdict. The standard used to review the grant or denial of a directed verdict is the any evidence test." (Citation and punctuation omitted.) *Doubletree, Inc. v. Schanley*, 226 Ga. App. 776 (487 SE2d 506) (1997).

In evaluating the sufficiency of evidence regarding damages, "[t]he ability to estimate damages to a reasonable certainty is all that is required and mere difficulty in fixing the exact amount will not be an obstacle to the award. The rule against the recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to cause, rather than uncertainty as to the measure or extent of the damages." (Citations and punctuation omitted.) *Shep-*

*herd v. Aaron Rents*, 208 Ga. App. 139, 143 (3) (430 SE2d 67) (1993).

The trial court erred in directing a verdict for defendants, as the evidence, construed in favor of plaintiff, provided the jury with a basis to estimate plaintiff's damages. Defendant Sara McCannon admitted that she had testified at her deposition that the assets of the two corporations, excluding the land on which the Crystal Blue quarry was located (which she claimed was already owned by her son), were worth between $800,000 and $1 million. Although she claimed at trial that this deposition testimony was inaccurate, this claim at most creates a jury question and does not remove the effect of her deposition testimony. See *Gibbons v. State*, 248 Ga. 858, 862-863 (286 SE2d 717) (1982) (prior inconsistent statement of witness admissible as substantive evidence). Defendant Allen McCannon admitted that he had testified at his deposition that the liquidation value of the corporations was between $600,000 and $800,000. Although defendants argue that it is unclear whether he was referring to one or both corporations, that does not change the fact that this testimony constitutes some evidence upon which a jury could make a determination of plaintiff's damages.

Furthermore, plaintiff testified that the value of the two corporations was $3 million. Although the trial court found that this was proper opinion testimony and that plaintiff stated a basis for his opinion, it held that the testimony was insufficient because it did not take into account the fact that the land on which the Crystal Blue quarry was located was owned by Allen McCannon. However, plaintiff was asked about the value of the corporations, not about the value of the land. When asked what he based his opinion on, he referred primarily to the equipment owned by the corporations and did not indicate that his opinion included a value for the land. In ruling on a motion for directed verdict, the evidence must be construed in favor of the non-movant, in this case the plaintiff. In finding that plaintiff's testimony included the value of the land, however, the trial court improperly construed the testimony in favor of the defendants.

Defendants also claim that this testimony does not provide a basis for estimating plaintiff's damages because it does not provide a separate value for each corporation. They contend that, at the time of the fraudulent transfers at issue, plaintiff owned only a one-third interest in McCannon Granite Company, having previously conveyed the other two-thirds to defendants. Therefore, since plaintiff owned one-third of McCannon Granite Company and all of Crystal Blue Quarries at the time of the alleged fraudulent transfers, defendants contend that a combined value for the two corporations does not provide the jury with a basis to estimate the value of the interest conveyed by plaintiff.

This contention is without merit for two reasons. First, plaintiff testified that he owned 100 percent of both corporations and did not recall ever transferring a two-thirds interest to defendants. No stock certificates or other documents were placed into evidence showing such transfer. Therefore, the jury could have concluded that plaintiff owned the entire stock in both corporations at the time of the alleged fraudulent transfers. Furthermore, even assuming that plaintiff owned only one-third of McCannon Granite Company, testimony regarding the combined value of the two corporations would still provide the jury a basis to estimate plaintiff's damages to a reasonable degree of certainty. If the jury believed plaintiff's testimony that the two corporations combined were worth $3 million, it could conclude that plaintiff's one-third interest in one corporation and full interest in the other were worth at a minimum $1 million.[1] Therefore, testimony as to the combined value of the corporations does provide the jury with a basis on which to estimate plaintiff's damages.

There was additional evidence providing the jury a basis to estimate damages. John Lutz testified that the McCannon Granite plant, excluding the quarry, was worth between $1.5 and $2 million. Although defendants objected that Lutz did not know the amount of debt on the property, plaintiff testified that the corporations had no outstanding debts. Ed Booth, the owner of a quarry in Elbert County, testified that the value of certain equipment owned by McCannon Granite Company was greater than its book value of approximately $250,000.

As there was evidence providing the jury a basis to estimate the amount of plaintiff's damages, the trial court erred in directing a verdict in favor of defendants.

2. Prior to trial, plaintiff moved for partial summary judgment, contending that the transfer of the stock and real estate was invalid because it was not supported by consideration. Plaintiff now appeals the trial court's denial of this motion. In considering this ruling, we must construe the evidence in the light most favorable to defendants. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Defendants contend that the transfer was supported by valid consideration. Around the time plaintiff transferred the stock and

---

[1] If McCannon Granite Company was valueless and Crystal Blue Quarries was worth $3 million, plaintiff's interest in the two corporations would be worth $3 million, since he owned all of Crystal Blue Quarries. If McCannon Granite Company was worth $3 million and Crystal Blue Quarries was valueless, on the other hand, plaintiff's interest in the two corporations would be worth $1 million, since plaintiff owned one-third of McCannon Granite Company. If each of the corporations had some value, plaintiff's interest would be worth somewhere between $1 million and $3 million. Therefore, since plaintiff's interest was worth no less than $1 million, the jury did have a basis on which to estimate his damages.

real estate to Allen McCannon, plaintiff entered into an employment agreement with McCannon Granite Company providing, among other things, that plaintiff would be paid $500 per week until he was eligible for Social Security retirement benefits, at which time he would be paid an amount that would not result in a reduction of his Social Security benefits. In addition, the corporation agreed to provide plaintiff hospitalization and medical insurance, with such benefits continuing for the rest of plaintiff's life if his employment were terminated for mental or physical disability. Allen McCannon executed this agreement on behalf of McCannon Granite Company. Defendants claimed that plaintiff's transfer of the stock and real estate to Allen McCannon was in exchange for Allen McCannon's agreement to execute the employment contract on behalf of McCannon Granite Company.

The fact that the employment agreement was executed by McCannon Granite Company, and not by Allen McCannon personally, does not change its effectiveness as consideration for plaintiff's transfer of the stock and real estate. Since plaintiff received the benefit of the consideration, the fact that it was provided by an entity other than Allen McCannon is of no significance. See *Holliday Constr. Co. v. Sandy Springs Assoc.*, 198 Ga. App. 20, 21 (3) (400 SE2d 380) (1990) (" 'any benefit accruing to the promisor, or any loss, trouble, or disadvantage undergone by the promisee, is a sufficient consideration' ").

Contrary to plaintiff's contention, our decision in the prior appeal does not require a different result. In our opinion, we stated that Allen McCannon acquired the stock without paying any consideration. However, that decision was rendered on appeal of the denial of the defendants' motion for directed verdict, and we were thus required to view the evidence in the light most favorable to the plaintiff. In this appeal, we are reviewing the denial of plaintiff's motion for partial summary judgment and are required to view the evidence in the light most favorable to the defendants. Accordingly, as there was evidence of consideration, the trial court did not err in denying plaintiff's motion for partial summary judgment.

3. Plaintiff contends that the trial court erred in denying his motion in limine to exclude any evidence that the employment contract was entered into as consideration for the transfer of stock and real estate. Plaintiff contends that, because the employment contract did not mention the stock and real estate transfer, and because the contract contained an integration clause, parol evidence was inadmissible to show that the contract constituted consideration for the transfer of the stock and real estate.

This contention is without merit. The integration clause merely states that the employment contract contains the entire agreement

between plaintiff and McCannon Granite Company. This clause does not address the issue of whether the contract itself was intended as consideration for plaintiff's separate agreement to transfer the stock and real estate to Allen McCannon. Therefore, defendants were not precluded from presenting evidence that the contract was intended as such consideration.

4. In several enumerations, plaintiff contends the trial court erred in denying several other motions in limine. However, the record does not contain the transcript of the hearing on these motions or a copy of the judge's rulings thereon. Accordingly, these enumerations present nothing for this Court to review. See *Studard v. Dept. of Transp.*, 219 Ga. App. 643, 644 (1) (466 SE2d 236) (1995).

*Judgment affirmed in part, reversed in part, and remanded. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 10, 1998 —
RECONSIDERATION DENIED MARCH 25, 1998 

*Thomas M. Strickland, Benjamin C. Free,* for appellant.
*Fortson, Bentley & Griffin, J. Edward Allen, Jr., Michael M. Duclos, Richard L. Ford, Jr., Rodger E. Davison,* for appellees.