## S99A0414. ATKINSON v. COOK.
### (518 SE2d 413)

SEARS, Justice.

Appellant Michael Atkinson sought specific performance of an option contract to purchase real property, claiming that he substantially complied with the contract's terms for exercise of the option to purchase. Because Atkinson's purported exercise of the option failed to comply with the contract's specific requirements for such exercise, we reject his argument, and affirm the ruling of the trial court.

The relevant facts, as stipulated to by the parties and as found by the trial court, are as follows: On February 15, 1995, appellee J. L. Cook, as offeror/seller, and appellant Atkinson, as offeree/buyer, entered into an option contract for the purchase of a 99.3-acre parcel of land. Atkinson was the author of the option contract. The parties agreed on a purchase price, and Atkinson paid Cook $500 in earnest money at the time of the execution of the contract. Paragraph two of the option contract read:

> This option shall be exercised by the said party of the second part [Atkinson] by the giving to the party of the first part [Cook] of a written notice subscribed by the party of the second part and sent by registered mail within the time set forth herein [45 days] for the exercise of this option to said party of the first part. . . .

On March 15, 1995, Atkinson caused a letter to be mailed to Cook stating that Atkinson was exercising his option to purchase. The letter was sent by regular United States mail, not registered mail, but was sent within the time frame set out in the option contract. Cook stipulates that he knew Atkinson wanted to exercise the option, but does not remember whether he received notice by way of letter or verbally through Atkinson's attorney. Cook does not, however, make any stipulation that he learned of this information before expiration of the 45-day option period.[1]

---

[1] Atkinson makes much of the parties' stipulation that before April 10, 1995, Atkinson's attorney spoke with Cook regarding a closing of the sale of property. However, insofar as the

Atkinson and Cook were never able to coordinate arrangements in order to close the sale of the property. In March 1997, Atkinson's attorney prepared the necessary documents to consummate the sale and scheduled closing for March 14, 1997. Cook did not appear for the closing. In April 1997, counsel for Cook was advised by counsel for Atkinson that Atkinson would be at his attorney's office on April 18, 1997 prepared to purchase the land for the agreed-upon price. Cook again failed to appear.

In July 1997, Atkinson filed a complaint for specific performance seeking an order that would require Cook to convey the property to him. After a bench trial, the trial court concluded that the letter sent by Atkinson via regular United States mail, rather than registered mail, did not constitute a valid exercise of the option, and rendered judgment in favor of Cook. Atkinson appeals that decision.

The Restatement (Second) of Contracts states that, "An acceptance must comply with the requirements of the offer as to the promise to be made or the performance to be rendered."[2] This precept is based upon fundamental principles of private autonomy underlying contract law — primarily that an offeror is the master of his or her offer, and free to set the terms thereof.[3] As illustrated by the following example, an offeree's failure to comply with the precise terms of an offer generally is fatal to the formation of a valid contract:

A offers to sell a book to B for $5, and states that no other acceptance will be honored but the mailing of B's personal check for exactly $5. B personally tenders $5 in legal tender, or mails a personal check for $10. There is no contract.[4]

It follows that the exercise of a contractual option by an offeree "must be unequivocal and in accordance with the terms of the option"[5] in order to be valid.[6] Otherwise, there has been no exercise of the option, and no valid contract has been formed. Parties are, of course, free to draft their own contracts and set agreed-upon terms; however, courts are not at liberty to revise those terms while professing to construe them.[7] In the present matter, it bears emphasizing that Atkinson was the author of the option contract that required him to give notice of the option's exercise by registered mail. It is undisputed

---

45-day option period closed on April 1, 1995, this assertion does not show that Cook had knowledge relevant to the option's exercise during the option period.

[2] Restatement (Second) of Contracts, § 59 (1981).

[3] Id., comment (a).

[4] Id., illustration (1).

[5] *Katz v. Pratt Street Realty Co.*, 262 A2d 540, 547 (Md. 1970).

[6] See *Hemmerich v. Southeast Properties Group,* 230 Ga. App. 697 (498 SE2d 87) (1998).

[7] *Brigadier Indus. Corp. v. Pippin,* 148 Ga. App. 145, 146 (251 SE2d 114) (1978).

that he sent notice by regular United States mail, and thus did not comply with that specific requirement. That failure was an obvious deviation from the terms setting forth the requirements for a valid exercise of the option to purchase. Nor is there evidence of record that Cook waived his right to demand strict compliance with the option contract's terms, or that he learned that the option had been purportedly exercised within the option period.[8] Accordingly, no valid contract existed in this case, and the trial court properly rejected Atkinson's claim for specific performance.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 3, 1999.

*Dye, Tucker, Everitt, Wheale & Long, Thomas W. Tucker, Jon E. Ingram, Jr.,* for appellant.

*Anderson, Walker & Reichert, Jonathan A. Alderman,* for appellee.

---

[8] While we need not reach this issue, we concede that a different ruling might result if the facts of this case showed that Cook had unequivocally accepted Atkinson's improper notice within the option period, or if he had proceeded to a closing of the contemplated transaction based upon the improper notice.