## A03A2499. HILL ROOFING COMPANY, INC. et al. v. LOWE'S HOME CENTERS, INC.

### (595 SE2d 638)

MIKELL, Judge.

Raymond L. Hill appeals from the $12,948.97 judgment entered on the verdict directed in favor of Lowe's Home Centers, Inc. ("Lowe's") in its suit to recover on Hill's personal guaranty of Hill Roofing Company, Inc.'s ("Hill Roofing") account. We affirm.

> A directed verdict is proper only if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. OCGA § 9-11-50 (a). In determining whether any conflict in the evidence exists, the court must construe the evidence most favorably to the party opposing the motion for directed verdict. The standard used to review the grant or denial of a directed verdict is the any evidence test.[1]

So viewed, the evidence shows that Hill Roofing opened a business charge account at Lowe's on October 29, 1997. On that date, Hill executed a Personal Guaranty Agreement ("guaranty") guaranteeing the payment of all sums due or thereafter becoming due to Lowe's on Hill Roofing's account. The agreement provided, in pertinent part, and in bold lettering, as follows:

> Where the term of this Guaranty is not limited by applicable law, this Agreement will remain in full force and effect until revoked in the manner set forth below. . . . Any revocation of this Guaranty Agreement shall be in writing and delivered to Vice President - Credit Management, Lowe's Companies, Inc., P. O. Box 1111, North Wilkesboro, NC 28656 via U.S. POSTAL SERVICE . . . certified mail, return receipt requested.

Hill sold Hill Roofing in October 1999 to two employees, Kenneth Lummus and Carl Potts. At that time, Hill Roofing owed no money on its Lowe's account. However, invoices introduced at trial showed that Hill Roofing owed $9,214.87 as of May 25, 2001. Lowe's filed suit against Hill and Hill Roofing on September 25, 2001, and default judgment was entered against Hill Roofing three months later. Trial proceeded against Hill.

---

[1] (Citation and punctuation omitted.) *McCannon v. McCannon*, 231 Ga. App. 601 (1) (499 SE2d 684) (1998).

Both Hill and his daughter, who was Hill Roofing's office manager, testified that on or about October 29, 1999, a letter withdrawing Hill's personal guaranty was mailed to each creditor. Such a letter addressed to a different creditor was introduced into evidence, but Hill was unable to produce the letter allegedly sent to Lowe's.[2] However, Hill testified that he enclosed the letter with his final payment due on the Lowe's account.

Lowe's credit coordinator, Deborah Jane Smith, testified that Lowe's never received either written or oral notice of revocation of the guaranty. Smith further testified that although she received an inquiry from Hill Roofing regarding the procedure for opening a new account, she never received a new credit application or personal guaranty agreement.

On cross-examination, Hill admitted that he signed the guaranty and agreed to be bound by its terms; that he did not give written notice of his intent to revoke the guaranty to the vice-president of credit management of Lowe's; that he did not send such a notice by certified mail to the address therein specified; and that he did not notify Lowe's of his intent to revoke the guaranty pursuant to its terms. On redirect, Hill testified that he spoke with a Lowe's representative, who indicated that the account would be closed without a new guarantor.

At the close of the evidence, Lowe's moved for a directed verdict. In granting the motion, the trial court ruled that the terms of the business charge account application and guaranty were not ambiguous and that the guaranty had not been revoked in accordance with its terms. The court entered judgment for Lowe's in the amount of $8,578.14, plus $2,681.84 in interest and $1,688.99 in attorney fees, for a total of $12,948.97. This appeal followed.

1. Hill argues that the direction of a verdict was error because material conflicts in the evidence remained for jury resolution. He contends that the evidence authorized a finding that Hill Roofing closed its account prior to the charges at issue. In this regard, Lummus testified that in early 2001, he went to a Lowe's store with a $5,000 check, representing the balance due at that time, spoke with a woman named Mary Ann, and instructed her to close Hill Roofing's account. The check, dated December 15, 2000, was returned due to insufficient funds. Although Lummus testified that this check was subsequently honored, Lowe's records introduced into evidence show otherwise, and, more importantly, the amount of the debt was not at issue at trial.

---

[2] Hill's counsel, Tony H. Hight, died on December 11, 2001. Lummus testified that he had turned over all documentation concerning the company to Hight, but Hill testified that Hight did not assist him in closing his accounts.

"A directed verdict . . . should be granted where construing the evidence in favor of the respondent a verdict is demanded in favor of the moving party."[3] "However, mere conflicts in the testimony do not render the direction of a judgment erroneous when it appears that the conflicts are not material."[4] Lummus's testimony is immaterial to the question of Hill's liability under the guaranty. The undisputed evidence shows that Hill did not withdraw his guaranty in the manner expressly required by its terms. There is no evidence of record that a notice of revocation was sent to the address specified in the guaranty, which, we note, was the same post office box appearing on Hill Roofing's statements of account for sending inquiries. It follows that the trial court did not err by directing a verdict in favor of Lowe's.[5]

2. Hill next argues that the direction of a verdict was error because Lummus's testimony that he was permitted to close the account in person, rather than mailing a notice to the North Carolina address in the guaranty, created a jury issue on whether Lowe's waived strict compliance with the guaranty's revocation requirements. "The provisions of a written contract may be waived by acts or conduct which justify the other party to believe the express provisions are waived."[6] The question of whether the parties' conduct causes a waiver and effects a quasi new agreement is ordinarily a question of fact for a jury.[7] In the instant case, however, no evidence was introduced to show that Lowe's consented to revocation of the guaranty on any terms other than those specified therein. Moreover, the guaranty is a separate agreement, and Lummus's testimony concerning the charge account is irrelevant to whether Lowe's waived strict compliance with the revocation provision in the guaranty. Accordingly, this enumeration fails.

3. Finally, Hill contends that the direction of a verdict was error because the evidence authorized a finding that he rescinded or revoked the guaranty. Hill relies on *Fidelity Nat. Bank v. Reid*[8] in support of his contention. In that case, however, the bank's loan officer testified that the defendant's guaranty was no longer effective and would not be enforced in the event of any defaults on future

---

[3] (Citation and punctuation omitted.) *First Union Nat. Bank of Ga. v. Gurley*, 208 Ga. App. 647, 651 (2) (431 SE2d 379) (1993).

[4] (Citations omitted.) *Blalock v. Central Bank of Ga.*, 170 Ga. App. 140, 141 (2) (316 SE2d 474) (1984).

[5] Id.; see also *First Union Nat. Bank of Ga.*, supra.

[6] (Citation omitted.) *Crawford v. First Nat. Bank of Rome*, 137 Ga. App. 294, 295 (223 SE2d 488) (1976).

[7] Id.

[8] 180 Ga. App. 428 (348 SE2d 913) (1986).

loans by the debtor.[9] Based on that evidence, we held that the parties had rescinded the guaranty, and we affirmed the grant of summary judgment in favor of the defendant.[10]

There is no evidence of a rescission in the case at bar. Moreover, *Fidelity Nat. Bank* supports the trial court's ruling in this case that contract construction is a question of law for the court.[11] "Under the rules of contract construction, where the language in an agreement is clear and unambiguous, no construction is required or permitted by the trial court."[12] The guaranty was unambiguous, and by his own admission, Hill failed to comply with its provision governing notice of revocation.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 24, 2004.

*David E. Slemons*, for appellants.
*Lawson, Davis, Pickren & Seydel, James P. Sneed*, for appellee.

---

[9] Id. at 430 (1).
[10] Id. at 430 (2).
[11] Id.
[12] (Citation omitted.) *Bumgarner v. Green*, 227 Ga. App. 156, 159 (1) (489 SE2d 43) (1997).