## A08A1306. RHL PROPERTIES, LLC v. NEESE.
### (668 SE2d 828)

BERNES, Judge.

RHL Properties, LLC appeals from the jury verdict in favor of Holly Yarborough on her claim for breach of a home warranty. RHL Properties contends that it was entitled to a directed verdict on the warranty claim because Yarborough did not strictly comply with the contractual notice requirements. For the reasons discussed below, we affirm.

> A directed verdict is proper only if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. OCGA § 9-11-50 (a). In determining whether any conflict in the evidence exists, the court must construe the evidence most favorably to the party opposing the motion for directed verdict. The standard used to review the grant or denial of a directed verdict is the any evidence test.

(Footnote omitted.) *Hill Roofing Co. v. Lowe's Home Centers*, 265 Ga. App. 822 (595 SE2d 638) (2004).

Viewed in this light, the evidence adduced at trial shows that RHL Properties is a Georgia limited liability company involved in the home construction and remodeling business. In April 2003, Yarborough and RHL Properties entered into a "New Construction Purchase and Sale Agreement" under which RHL Properties agreed to sell Yarborough a home in Pickens County (the "Purchase Agree-

ment").[1] The home, which was originally built in the 1950s, had been moved to Pickens County and remodeled "from floor to roof" by RHL Properties.

The Purchase Agreement included a one-year home warranty "against all defects in labor and materials (normal wear and tear excepted)." The Purchase Agreement also stated in part that

> all notices, including offers, counteroffers, acceptances, amendments and demands, required or permitted hereunder shall be in writing signed by the party giving the notice and delivered (1) in person, (2) by an overnight delivery service, prepaid, (3) by facsimile transmission . . . or (4) by the United States Postal Service, postage prepaid, registered or certified return receipt requested.

The Purchase Agreement further provided:

> This Agreement constitutes the sole and entire agreement between the parties hereto and no modification or assignment of this Agreement shall be binding unless signed by all parties to this Agreement. No representation, promise, or inducement not included in this Agreement shall be binding upon any party hereto. . . .

The parties closed on the home in May 2003. After the closing, personnel from RHL Properties remained in the subdivision, where the company was building and remodeling other houses. Evan Howell, the managing member of RHL Properties, gave Yarborough his cell phone number and told her to call him directly if she had any problems with her home. Howell also told her to "just jot . . . down on a pad" any problems she had with her home so that he could make sure they got fixed.

Prior to expiration of the home warranty, Yarborough discovered multiple defects in the home, including leaks in the roof, cracks in the sheetrock, gaps in the baseboards and hardwood flooring, and gaps between the kitchen cabinets and walls. As Howell had instructed her to do, Yarborough communicated these problems to him by cellular phone and by giving him "sticky notes" reminding him of the problems. Howell said that RHL Properties would fix the problems that had developed and told Yarborough to keep calling and reminding him to get them fixed. Over time, Howell sent several workers out to the home and had them attempt to fix many of the problems identified by Yarborough, including the crown molding,

---

[1] At the time the Purchase Agreement was executed, Yarborough's last name was Neese.

sheetrock, baseboards, hardwood flooring, and leaks in the roof. The problems in the home, however, were not corrected and only worsened. Indeed, the gaps in the flooring became so great that the floor began to buckle to such an extent that it looked like "a hill in the hallway."

Yarborough subsequently hired a home inspector and structural engineer to evaluate her home. They both concluded that major structural defects in the foundation and in the roof and floor framing systems were causing the problems identified by Yarborough. According to the structural engineer, it would cost more to repair the structural defects than the home was worth. Ultimately, Yarborough moved out of the home because it was too structurally unsafe for her to continue occupying.

Yarborough sued RHL Properties for breach of the home warranty and attorney fees.[2] A jury trial ensued. After Yarborough rested, RHL Properties moved for directed verdict on the warranty claim, and the trial court denied the motion. At the close of all the evidence, RHL Properties renewed its motion for directed verdict, which the trial court again denied. The case was then submitted to the jury, which returned a verdict in favor of Yarborough. This appeal followed.

RHL Properties contends that it was entitled to a directed verdict on the warranty claim because Yarborough failed to give notice of defects in the specific manner prescribed by the Purchase Agreement. We disagree because there was evidence that RHL Properties waived strict compliance with the contractual notice provision.[3]

A home warranty falls within the Statute of Frauds and thus must be reduced to writing in order to be enforceable. See *Stimson v. George Laycock, Inc.*, 247 Ga. App. 1, 4 (2), n. 3 (542 SE2d 121) (2000); *Grant v. Aulicky*, 161 Ga. App. 817, 818 (1) (290 SE2d 107) (1982). And "[w]hen a contract is required by the Statute of Frauds to be in writing, any modification of the contract must also be in writing." (Citation omitted.) *Walden v. Smith*, 249 Ga. App. 32, 34 (1) (546 SE2d 808) (2001) (parties could not orally modify the purchase price term in a contract for the sale of land). Notably, however,

---

[2] Yarborough also alleged claims for rescission, fraud, negligent construction, and punitive damages against RHL Properties and several claims against Howell individually. During trial, Yarborough abandoned her claims for rescission, fraud, and punitive damages against RHL Properties and her breach of warranty claim against Howell. The trial court granted a directed verdict in favor of RHL Properties on the negligent construction claim and in favor of Howell on all remaining claims asserted against him.

[3] Because we conclude that there was evidence of waiver, we do not reach Yarborough's argument that the notice provision in the Purchase Agreement did not apply to the warranty.

> wherever a contract provides for the forfeiture of rights on account of the failure of one of the parties to comply with certain express conditions *as to notice*, . . . courts will readily seize upon any fact or circumstance growing out of the conduct of the parties, tending to show a waiver of strict compliance, and will seek to avoid the forfeiture and to leave the actual merits of the case open to investigation.

(Emphasis supplied.) *McDaniel v. Mallary Bros. Machinery Co.*, 6 Ga. App. 848, 851 (66 SE 146) (1909). See also *Dept. of Transp. v. Dalton Paving & Constr.*, 227 Ga. App. 207, 215-216 (3) (489 SE2d 329) (1997); *APAC-Ga. v. Dept. of Transp.*, 221 Ga. App. 604, 606-607 (2) (472 SE2d 97) (1996). Consequently, even in cases where the contract falls within the Statute of Frauds, we will readily find a waiver of strict compliance with a notice provision based on the conduct of the parties in order to avoid a forfeiture of substantive contractual rights. See *Stimson*, 247 Ga. App. at 5 (2) (concluding that strict compliance with contractual notice provision had been waived in case involving the breach of a home warranty). Cf. *Pacific Grove Holding v. Hardy*, 243 Ga. App. 161, 165 (1) (b) (532 SE2d 710) (2000) (holding in case involving an option to purchase land, which falls within the Statute of Frauds, that the parties can waive strict compliance with a contractual provision stating the time for performance). When the evidence is in conflict, the issue of whether such a waiver occurred is for the jury. See *Brewer v. Royal Ins. Co. of America*, 283 Ga. App. 312, 316 (2) (641 SE2d 291) (2007).

Here, Yarborough gave both oral notice and written notice in the form of sticky notes to Howell of the defects she discovered in the home during the warranty period, as Howell had instructed her to do. In response to these communications from Yarborough, Howell promised to have the defects repaired, and on several occasions he had workers come out to the home and attempt to make the repairs. Despite a lack of written notice signed by Yarborough as required under the strict terms of the Purchase Agreement, it is clear that RHL Properties, through Howell, had actual notice of the defects in the home. Under these circumstances, a jury question existed as to whether RHL Properties waived strict compliance with the notice provision contained in the Purchase Agreement. See *Stimson*, 247 Ga. App. at 5 (2); *Dalton Paving & Constr.*, 227 Ga. App. at 215-216 (3); *APAC-Ga.*, 221 Ga. App. at 606-607 (2). Compare *Atkinson v. Cook*, 271 Ga. 57, 59 (518 SE2d 413) (1999) (holding that strict compliance with notice provision in option to purchase land was required, given that there was no evidence of waiver of the notice provision); *Dryvit Systems v. Stein*, 256 Ga. App. 327, 329 (1) (568 SE2d 569) (2002) (holding that strict compliance with notice provi-

sion in warranty agreement was required, where it was undisputed that the plaintiff never notified the defendant "in writing, *or otherwise,* of any alleged defects covered by the warranty") (emphasis supplied).

The fact that the Purchase Agreement expressly stated that no modification of the Agreement would be binding unless signed by all of the contracting parties does not change this result. Waiver of a written modification requirement in a contract may be established through the parties' course of conduct. See *Handex of Fla. v. Chatham County,* 268 Ga. App. 285, 288 (1) (602 SE2d 660) (2004); *Biltmore Constr. Co. v. Tri-State Electrical Contractors,* 137 Ga. App. 504, 506 (1) (224 SE2d 487) (1976). The evidence discussed above created a jury question as to whether Yarborough and RHL Properties, through Howell, waived compliance with the written modification requirement through their course of conduct relating to defects in the home.

For these combined reasons, the trial court properly denied RHL Properties' motion for directed verdict on the breach of home warranty claim. We therefore affirm the denial of the motion for directed verdict and the judgment entered on the jury's verdict in favor of Yarborough.

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 6, 2008.

*Christopher M. Miller,* for appellant.
*Flint & Connolly, Lawrence O. C. Anderson,* for appellee.