[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11604
Non-Argument Calendar
_____

D. C. Docket No. 1:09-cv-02007-MEF


JOHNNY HARMON,

Plaintiff-Appellee,

versus

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 29, 2012)

Before WILSON, EDMONDSON, and BLACK, Circuit Judges.


PER CURIAM:

Defendant-Appellant Allstate Property and Casualty Insurance Company

("Allstate") appeals the trial court's denial of its motion for judgment as a matter of law or, in the alternative motion for a new trial. No reversible error has been shown; we affirm.

Allstate issued a homeowner's policy to Johnny Harmon with a dwelling limit of $252,000. When the house experienced a fire causing severe property damage, Harmon sought to recover from Allstate for the property damage caused by the fire. When Allstate refused to pay, Harmon brought suit to recover insurance proceeds for damages to his house and its contents. Harmon claimed his house was entirely destroyed and sought to collect the policy limits.[*]

The jury heard evidence from Harmon and a builder called as an expert witness that the house was fully destroyed and unrepairable. The application for the policy was introduced; it set out $222,564 as the replacement cost of the dwelling; $317,000 as the current market value; $242,000 as the purchase price; and 2,900 square feet as the ground floor square footage. Also introduced was the proof of loss; it stated that the actual cash value and amount of loss for the dwelling was $252,000, which would mean that the value of the dwelling after the

---

[*]Georgia's Valued Policy Statute, O.C.G.A. § 33-32-5, provides that when a residential building is wholly destroyed by fire, the amount of insurance set out in the policy is conclusive, except for depreciation. If Harmon's house was wholly destroyed, this section would entitle him to the full amount of the policy limits: $252,000.

loss was $0.00. And the jury was shown many photographs of the dwelling after the fire.

Other witnesses testified that parts of the house were salvageable; but no testimony was introduced detailing how much it would cost to repair the house. And no testimony was introduced about the diminution in value of the house as a result of the fire.

In response to special interrogatories, the jury found that the house was not wholly destroyed. The jury awarded $130,000 for damage to the structure and $18,400 for contents lost and additional living expenses incurred. Allstate challenges only the award for damage to the structure.

Allstate contends that the district court erred when it denied Allstate's motion for judgment as a matter of law or, in the alternative motion for a new trial. According to Allstate, Harmon proffered insufficient evidence at trial upon which the jury could calculate damages; and because of this insufficiency, the jury verdict must be the product of speculation, conjecture or guesswork.

In Georgia, "[i]t is axiomatic that damages cannot be left to speculation, conjecture, or guess-work and must be proven with reasonable certainty." Kroger Co. v. U.S. Foodservice of Atlanta, Inc., 607 S.E.2d 177, 181 (Ga. App. 2004). Once the jury rejected Harmon's contention that the dwelling was wholly

3

destroyed, the evidence provided the jury with some basis for calculating damages; the evidence was less than necessary to allow the jury to figure damages with exact precision. But exact precision is not required.

> In evaluating the sufficiency of evidence regarding damages, the ability to estimate damages to a reasonable certainty is all that is required and mere difficulty fixing the exact amount will not be an obstacle to the award. The rule against the recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to cause, rather than uncertainty as to the measure of extent of damages.

McCannon v. McCannon, 499 S.E.2d 684, 686 (Ga. App. 1998) (internal quotation and citation omitted). And, "[t]he question of damages being one for the jury, a reviewing court should not interfere unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." O.C.G.A. § 13-6-4.

In the light of the data in the application for insurance and the proof of loss statement, together with the photographs that allowed the jury to form their own opinion about damages, see Oglethorpe Realty Company, Inc. v. Hazzard, 321 S.E.2d 820, 822 (Ga. App. 1984), and other testimony at trial, sufficient record evidence supports the jury's verdict. The amount awarded fell comfortably within the range of amounts supported by the evidence.

4

Allstate fails to show that the district court committed reversible error in its denial of Allstate's motion for judgment as a matter of law or, in the alternative, motion for a new trial.

AFFIRMED.