**THIRD DIVISION
DOYLE, P. J.,
REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**_DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES._**

**June 24, 2021**

# In the Court of Appeals of Georgia

A21A0331. PRUITT v. THIGPEN.

DOYLE, Presiding Judge.

In this personal injury case arising from a car crash, defendant Jamichael Troy Pruitt appeals from an order entering a judgment against him for $125,000 after he moved to enforce a settlement agreement he entered into for the same amount with plaintiff Lisa Maria Thigpen. Pruitt contends that the trial court erred by (1) entering a judgment instead of a dismissal, and (2) entering a judgment that does not track the terms of the settlement. Because the judgment entered by the court varied from the terms of the settlement agreement, we vacate the judgment and remand the case.

The relevant record is undisputed and shows that in June 2019, Thigpen sued Pruitt, alleging that he was driving under the influence of alcohol and caused a collision with her vehicle, injuring her. The complaint sought compensatory and

punitive damages, and Pruitt filed an answer raising various defenses and denying liability.

As the case developed, in May 2020, Thigpen sent an offer of settlement to Pruitt pursuant to OCGA § 9-11-68. The offer stated that it was being made:

> to settle any and all claims made by [Thigpen] . . . stemming from the incident that forms the basis of this lawsuit . . . including [claims for] . . . special damages, general damages, medical damages, punitive damages, [and] attorneys' fees. . . . The offer is in the total and global amount of $125,000 (One Hundred Twenty-Five Thousand Dollars) in full and final settlement of any and all claims brought in this action. . . . Although the above amount specifically includes and disposes of all claims for punitive damages, $100.00 are being allocated to punitive damages, as such are warranted in this case[.] If accepted upon with prejudice, [Thigpen] will execute a general release and settlement agreement prepared by [Pruitt].

The offer was silent as to the manner of payment.

Within a month of the offer, Pruitt replied by accepting it "without variance, thereby forming an enforceable settlement agreement." About three weeks after that, Pruitt moved to enforce the settlement agreement and dismiss the action with prejudice. Thigpen opposed the motion and pointed out that she had only received the $25,000 automobile policy limit from Pruitt's insurer, and $100,000 remained to be

paid by Pruitt. Thigpen attached to her response a proposed consent order, stating that "in the event that [Pruitt] is unwilling to agree to the entry of a judgment, [Thigpen] will agree to file a dismissal with prejudice upon payment of the total settlement of $125,000."

Upon a review of the pleadings, the trial court entered an order prepared by Thigpen. The order read as follows, in relevant part:

> It is here by ordered . . . that [j]udgment is and shall be entered in favor of [Thigpen] against [Pruitt], in the amount of one hundred twenty-five thousand dollars ($125,000), plus interest at the rate of 6.25% per year. This [j]udgment shall include compensatory damages as well as punitive damages. The punitive damages portion of this [j]udgment are based upon [Thigpen's] cause of action that alleged [Pruitt's] violation of OCGA § 40-6-391, driving while impaired by alcohol or drugs.

Following the order, Pruitt filed an emergency motion to vacate and set aside the order, arguing that the terms of the order did not track the settlement agreement, which contemplated a release instead of a judgment and specified that only $100 was allocated to punitive damages. Pruitt attached a proposed order to substitute for the order already entered, which proposed order stated that judgment shall be entered for $125,000, and $100 is allocated to punitive damages. It made no mention of the DUI allegation. Thigpen opposed the motion, and before the trial court ruled on the motion

3

to vacate, this appeal followed when Pruitt filed a notice of appeal of the original order.

1. Pruitt contends that the trial court erred by entering the judgment against him because the settlement agreement contemplated a dismissal rather than a judgment. As to the nature of the resolution, we find no basis for reversal.

> A trial court's order on a motion to enforce a settlement agreement is subject to de novo review, under the same standards applicable to a motion for summary judgment. Where parties to litigation have entered into a definite, certain, and unambiguous mutual release of their claims, which is not denied, the trial court should make that settlement the judgment of the court, thereby terminating the litigation.[1]

When considering a motion to enforce a settlement agreement, courts must be mindful that such agreements are "governed by state law applicable to contracts in general. The cardinal rule of construction is to determine the intention of the parties. But no construction is required or even permissible when the language employed by

---

[1] *Carey v. Houston Oral Surgeons, LLC*, 265 Ga. App. 812, 817 (2) (595 SE2d 633) (2004).

the parties in the contract is plain, unambiguous, and capable of only one reasonable interpretation."[2]

Based on the terms of the settlement agreement, which offered a general release in return for $125,000, the trial court entered an order creating a judgment for $125,000, with annual interest, against Pruitt. Pretermitting whether the acceptance of an offer to execute a general release indicates the parties' intent that a dismissal (as opposed to a judgment) would follow,[3] it is undisputed that Pruitt's motion to vacate in the trial court included a proposed order entering *a judgment* for the agreed upon $125,000 settlement offer. Accordingly, Pruitt abandoned in the trial court his challenge to the nature of the resolution (judgment or dismissal), and this argument presents no basis for reversal on appeal.[4]

---

[2] (Punctuation omitted.) Id. at 815-816 (1), quoting *Darby v. Mathis*, 212 Ga. App. 444, 444-445 (1) (441 SE2d 905) (1994).

[3] Both parties agree that settlements can take the form of either dismissal or judgment under OCGA § 9-11-68 (a): "[E]ither party may serve upon the other party . . . a written offer, denominated as an offer under this Code section, to settle a tort claim for the money specified in the offer and to enter into an agreement *dismissing the claim or to allow judgment to be entered* accordingly." (Emphasis supplied.)

[4] See *SunTrust Bank v. Bickerstaff*, 349 Ga. App. 794, 804 (824 SE2d 717) (2019) (on motion for reconsideration); *Roberts v. Community & Southern Bank*, 331 Ga. App. 364, 372 n.5 (771 SE2d 68) (2015). As noted above, as part of the trial court proceedings, Thigpen has offered to dismiss her claim upon payment, and Pruitt has

2. Pruitt also challenges the terms of the judgment entered, arguing that they varied from the terms of the settlement agreement. We agree.

Here, the terms agreed to by the parties are clear: $125,000 to settle all claims arising from the car collision, including $100 for punitive damages, in return for a general release of liability. The order entered by the trial court came close to these terms, but it varied in two ways.

First, the judgment did not capture the concept that $100 of the judgment was allocated toward punitive damages, instead stating that "[t]his [j]udgment shall include compensatory damages as well as punitive damages," without noting the proportionality agreed to by the parties.

Second, the judgment added a provision stating that the unspecified portion allocated punitive damages is "based upon Plaintiff's cause of action that alleged Defendant's violation of OCGA § 40-6-391, driving while impaired by alcohol or drugs." Nothing in the offer of settlement referred to the factual background of Thigpen's claims, nor the basis for punitive damages or the nature of any alleged tortious conduct. Instead, the offer simply referred to the dispute as "the above-

offered to accept a judgment against him that is consistent with the terms of the settlement agreement. The nature of disposition does not appear to be the crux of the dispute.

6

captioned lawsuit" and the car crash as "the incident." The offer did state that $100 in punitive damages was "warranted in this case," and Pruitt unequivocally accepted this characterization for purposes of settlement. But his acceptance does not go farther than the terms of the offer.[5]

Based on these discrepancies, the trial court's order puts Pruitt in a position that he did not agree to. Although the parties debate the practical effects of these discrepancies, for example in any future bankruptcy proceeding, we need not resolve every potential effect of these arguments. Rather, our holding is controlled by the axiom that, when construing a contract, "[t]he cardinal rule of construction is to ascertain the intention of the parties. If that intention is clear and it contravenes no rule of law and sufficient words are used to arrive at the intention, it shall be enforced irrespective of all technical or arbitrary rules of construction."[6] The parties' intention was made clear by the terms of the offer accepted by Pruitt, which terms control the entry of any judgment entered on the agreement.

---

[5] Cf. *Grange Mut. Cas. Co. v. Woodard*, 300 Ga. 848, 853 (797 SE2d 814) (2017) ("[I]t is . . . a fundamental principle of contract law that an offeror is the master of his or her offer[]and free to set the terms thereof.") (punctuation omitted), quoting *Atkinson v. Cook*, 271 Ga. 57, 58 (518 SE2d 413) (1999).

[6] OCGA § 13-2-3.

Because the trial court's order varied from those terms, we vacate the entry of that order. On remand the trial court is directed to enter a judgment in favor of Thigpen consistent with this opinion.[7]

*Judgment vacated and case remanded with direction. Reese and Brown, JJ., concur.*

---

[7] We note that the proposed order Pruitt prepared in support of his motion to vacate does capture the agreed-upon terms of settlement. There is nothing "magic" about that language, but it offers a guide.